SAMUEL ELMER *vs.* GEORGE R. FESSENDEN.

Franklin.   September 15, 16, 1891. — September 23, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Slander — Contradiction of Witness — Damages.*

In an action of slander in falsely telling the plaintiff's workmen that there was arsenic in silk furnished by him to them to work with, if the plaintiff calls the mother of one of them as a witness to the fact that a machine for working the silk was removed from her house after the words were spoken, in order to show that such workman was deterred from longer working for him by the defendant's statement, and she testifies that she cannot fix the time when the words were spoken, it is discretionary to admit evidence that at a former trial she testified that the words were spoken before the machine was removed.

Damages claimed by such plaintiff for the trouble to which he was necessarily put, in order to determine whether there was arsenic in the silk and to protect his employees, will not be reduced because a company in whose general employment he was, and to which he was accountable for the time so spent, had told him that no deduction would be made by reason of lost time from the salary which it had paid him.

TORT against a physician, for slander in falsely telling workmen of the plaintiff, who was a silk manufacturer, that there was arsenic in the silk furnished by him to them to work with, and thereby causing them to leave his employment. After the former decision, in 151 Mass. 359, the case was heard in the Superior Court before *Dewey*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions, which, so far as material to the points decided, appear in the opinion.

*J. A. Aiken*, for the defendant.

*H. Winn*, for the plaintiff.

HOLMES, J.   1. This is an action for words spoken by the defendant, and falsely alleging that the silk furnished by the plaintiff to his workmen contained arsenic. 151 Mass. 359. At

the second trial, the plaintiff, in order to show that one Phillips had been deterred from working for him longer by the defendant's statement, called Phillips's mother as a witness, to show that her machine for working the silk was removed from the house after the words were spoken. The witness testified that the defendant spoke the words, but that she could not fix the time. To contradict her, evidence was admitted that at the former trial she had testified that the words were spoken before the machine was removed. The defendant excepted.

We cannot say that the evidence did not tend to contradict the witness. The question is one of degree. If the former testimony had been given the day before, under circumstances of great solemnity, no one could doubt that it tended to contradict her denial of recollection a day later. On the other hand, as suggested by the counsel for the defendant, the fact that a person recited a date at school, hardly tends to contradict his statement in middle life that he does not remember it. Where the line shall be drawn must depend upon circumstances, and must be left largely to the discretion of the presiding judge.

Neither can we say that the contradiction was not material. It was open to the defendant to argue that, as the witness knew of the speaking of the words and of the removal of the machine, it was very improbable that she would not have remembered it if one was the cause of the other, and thus that her statement that she did not remember which was first was in effect evidence that the defendant's words were not the cause of the witness's daughter's stopping work. If so, it was proper to allow the witness's statement to be contradicted.

2. The plaintiff claimed, as part of his damages, trouble which he was put to necessarily, in order to determine whether there was arsenic in his silk; and to protect his employees. He estimated the amount at $5.24 per day, and the jury allowed him for eight days at that rate. No exception was taken to the ruling allowing a recovery for this item, but instructions were excepted to which allowed the plaintiff to recover irrespective of the state of things between himself and a company in whose general employ he was, and to which he was accountable for the time spent as stated. That company had told the plaintiff that they should make no deduction from his salary because of the

lost time. This ruling was correct. The plaintiff does not recover because he was compelled to break his contract with the company, but for his own time and trouble, irrespective of his contracts. His cause of action for that could not be affected if a stranger saw fit to pay him for the same time, either by way of gift or upon consideration.                    *Exceptions overruled.*