STEPHEN COMSTOCK *vs.* THE CONNECTICUT RAILWAY AND LIGHTING COMPANY.

KATE S. COMSTOCK *vs.* THE CONNECTICUT RAILWAY AND LIGHTING COMPANY.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action to recover damages for personal injuries alleged to have been caused by the defendant's negligence and to have prevented the plaintiff from continuing to keep a fashionable boarding-house, evidence of the net profits derived from such business before and after the injury is admissible, as bearing on the earning capacity of the plaintiff. The evidence must be limited, however, to such profits as are susceptible of estimation with reasonable certainty,

The mere fact that an itemized account of the expenses and receipts of the business had not been kept, goes merely to the weight of the evidence, and does not render inadmissible such an estimate of the profits realized as can be made without such aid.

Argued April 21st—decided July 1st, 1904.

ACTIONS by husband and wife to recover damages for personal injuries sustained by her and caused by the defendant's negligence, brought to and heard in damages by the Superior Court in Fairfield County, *Thayer, J.;* facts found and judgments rendered for the husband to recover $300 and the wife $500, and appeal by each of them for alleged errors in the rulings of the court. *Error in action brought by the husband; no error in action brought by the wife.*

*John H. Light,* for the appellants (plaintiffs).

*William T. Hincks,* for the appellee (defendant).

BALDWIN, J. In one of these actions, a husband sues for his own loss from injuries suffered by the wife : in the other both sue for her loss. In each action the complaint states that when injured she was keeping a fashionable city boarding-house; that her injuries prevented her from continuing to keep it; and that she has since not been able to do any work whatever, and has been at great expense for medical treatment. In the action by the husband, he alleges that when she was injured and for a long period before, she had supported him, but that he has since been deprived of such support and of her services, and will be for a long period to come.

The finding shows these facts: The husband was out of health and unable to work, except in assisting in the conduct of the affairs of the family. The wife kept a boarding-house, as alleged. During the summer months she had from ten to sixteen boarders; during the rest of the year from two to five. It did not appear that this business was conducted upon her personal credit, or for the benefit of her separate estate. Her injuries compelled her to refuse to receive any boarders for six months, including the summer following

the accident, and since then she has not taken as many boarders as before. The expense of necessary medical attendance was $150.

It was agreed that damages for the loss of her earnings and services should be assessed in only one action. The judgment for $300 in favor of the husband was for the $150 above mentioned, and for the loss of his wife's services and society. The other judgment for $500 was for her injuries, pain and suffering.

On the trial Mr. Comstock was asked how he had lived during the past year without the services of his wife and support from her. This question was properly excluded. An answer would not have tended to show that she had previously supported him; nor if she had, was it of any consequence in what manner he had since been able to subsist without her aid.

The plaintiffs, when produced as witnesses in their own behalf, were severally asked whether the keeping of boarders had been profitable during the year previous to the injury; and it was proposed to follow this up by asking each to estimate the amount of such profits, and also the profits for the next succeeding year. No claim was made that accounts had been kept showing the items of cost and receipts, or that such items could be proved. The question was excluded, on the ground that such evidence was remote, speculative and immaterial.

The complaint stated that she was the keeper of a fashionable boarding-house, and had long furnished her husband with support. This, after a default, fairly implied that his support came from her keeping the boarding-house, and that her services in that business were valuable to him. How valuable they were, and how great had been his loss, could best be ascertained by showing what the profits from it were, before the injury, and what they had been since.

A loss of profits cannot be shown in proof of damage from a breach of contract, unless damage from that source should reasonably have been contemplated by the defendant, at the date of the contract, as a natural result of the breach. *Lewis*

v. *Hartford Dredging Co.*, 68 Conn. 221, 234. He who does a wrongful injury to the person of another is held to a stricter rule of liability. If the injury directly impairs the earning capacity of the latter, he can recover in an action of tort, under proper pleadings, the amount of his loss from such impairment, although by reason of his peculiar knowledge or ability it may be much greater than that which would have been suffered by an ordinary man, and although his possession of this peculiar knowledge or ability may have been unknown to the defendant when the wrong was done.

There are two modes of proving what is a man's earning capacity. His general qualities and his qualifications for any particular business in which he may be engaged may be described by those who know him, and under some circumstances they can give their opinion as to what sum represents the pecuniary value of his earning capacity for a certain period of time. *Harmon* v. *Old Colony R. Co.*, 168 Mass. 377, 47 Northeastern Rep. 100 ; *Matteson* v. *New York Central R. Co.*, 35 N. Y. 487, 493. The other mode is to show what his earnings in fact were during a certain period. If he was employed by another on a salary, or worked at a trade, to those engaged in which a fixed rate of wages was customarily paid, they are easily proved. *Finken* v. *Elm City Brass Co.*, 73 Conn. 423, 425. If he was himself conducting a business, the net receipts from which were naturally due to his ability to conduct it successfully and can be ascertained with reasonable certainty, the amount thus realized, while it may be more difficult to cipher it out with accuracy, is also a proper subject of evidence. The business of the keeper of an established and " fashionable " boarding-house is one of this kind. To prosecute it successfully requires special qualities. Whoever engages in it should have the gift of management ; be a good buyer ; know how to provide liberally and not lavishly ; possess tact, prudence and discretion. Such assistance as it is necessary to have generally comes from those employed at fixed wages. There is a fixed rate of charge against each of the boarders. Rent is a fixed item, unless the house is owned by the one who

keeps it, in which case the annual value of its use can easily be shown. The net returns, or profits, of such a business are quite as readily ascertained as those arising from the practice of a profession; and are equally a proper subject of proof, in a case like this. They are to be considered simply as bearing on the earning capacity of the person conducting it, and only such can be shown as are susceptible of estimation with reasonable certainty. *Wallace* v. *Pennsylvania R. Co.*, 195 Pa. St. 127, 45 Atl. Rep. 685, 52 L. R. A. 33; *French* v. *Connecticut River Lumber Co.*, 145 Mass. 261, 14 Northeastern Rep. 113; *Ehrgott* v. *Mayor*, 96 N. Y. 264, 275. It was immaterial that no claim was made that itemized accounts of the costs and receipts of the business had been kept. This absence of books went simply to the weight of the evidence, and could not affect the right to ask for such an estimate of the profits realized as could be made without such aid.

The force of the evidence as to the profits of Mrs. Comstock's business before her injury depended, so far as the claim for compensation for losses to be anticipated in the future was concerned, on comparing them with what they had been since her injury. The testimony which it was proposed to give as to the latter point would therefore have been admissible. *Illinois Central R. Co.* v. *Davidson*, 76 Fed. Rep. 517, 521, 22 C. C. A. 306.

Under the agreement of the parties that all damages for loss of Mrs. Comstock's earnings and services should be assessed in only one action, the Superior Court assessed them in that brought by her husband. Of this no complaint is made by any of the parties, and it must therefore be treated as agreed that it was proper to do so. The error in excluding the evidence to enhance them was therefore one by which he only was aggrieved.

There is error in the judgment in the action brought by Stephen Comstock, and a new trial is ordered.

There is no error in the judgment in the other action.

In this opinion the other judges concurred.