CHARLES V. ROTH vs. WILLIAM F. CHATLOS (THE EAST END LUMBER COMPANY AND THE STRATFORD LUMBER AND COAL COMPANY).

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Where the trial court in its charge to the jury has the opportunity to cover, in its own language and in the order it wishes, the subject-matter of a request to charge, it is preferable for the court to charge in its own manner rather than in that requested.

In an action for damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant's servant, the court charged the jury, in accordance with the plaintiff's request, that the plaintiff was entitled to a verdict upon proving but one of the several grounds of negligence alleged against the defendant. *Held* that while such charge was erroneous as leaving out of consideration any question as to the claimed contributory

negligence of the plaintiff, yet in view of the court's later explicit instructions on that issue, the error was harmless.

The evidence in the present case reviewed and *held* to furnish no basis for the defendant's motion to set aside the verdict.

Where one has by his negligence injured another, he is not relieved from paying any part of the compensation due for the injuries proximately resulting from his act because payment thereof has been made to the person injured by a third party, whether the motive impelling such payment be affection, philanthropy, or contract, for the injured, and not he who caused the injury, is the beneficiary of such payment.    Hence evidence of a hospital bill for reasonable necessary service incurred by the plaintiff was properly admitted, while evidence that the plaintiff was insured against loss from the payment of such bill was properly excluded.

Argued October 28th, 1921—decided March 8th, 1922.

ACTION to recover damages for the alleged negligence of the defendant, brought to the Superior Court in Fairfield County and tried to the jury before *Keeler, J.;* verdict and judgment for the plaintiff for $5,000, and appeal by the defendant.  *No error.*

*Carl Foster*, for the appellant (defendant).

*Henry E. Shannon* and *Frank L. Wilder*, for the appellee (plaintiff).

WHEELER, C. J.   The appeal is from the denial of the motion to set aside the verdict, and for errors in the charge to the jury and in rulings on evidence.

The following facts were undisputed: Barnum Avenue is a public highway extending through a part of the city of Bridgeport and a part of the town of Stratford, and runs east and west.   In the middle of the avenue on the day in question were two sets of trolley-tracks; between the rails the surface of the street was made up of broken stone, and on either side of the tracks the street was paved with cement.   The rails of the tracks were about two and one half inches above the rough surface of the roadbed.

Immediately preceding the collision between the plaintiff and defendant, the defendant, by his agent, was operating an automobile truck in a westerly direction on the north side of Barnum Avenue and on the surface paved with cement; at the same time the plaintiff was riding a bicycle east on the south side of Barnum Avenue and upon the surface paved with cement. When the plaintiff reached a point nearly opposite Bowe Street, which crosses this avenue at right angles, he turned to his left with the intention of crossing this avenue and turning into Bowe Street. At this point the parties differ somewhat as to the facts proven. The plaintiff claims to have proven that as he was crossing the avenue on his bicycle from the west, he saw the truck of the defendant approaching from the east at a rapid rate and stopped his bicycle between the two tracks, and balanced himself upon one foot and thus waited for the truck to pass in front of him and upon the cement roadway. Suddenly and without warning, the driver of the truck turned from the cement roadway directly upon him, and although he tried to get out of the way of the truck he was unable to do so, and was run over and severely injured.

The plaintiff claims that the sole cause of the collision was the negligence of the driver in driving at a dangerous rate of speed; in not having the truck under control; in not giving warning of his approach, and in turning the truck to the left and running across the trolley-track and into and against the plaintiff.

The defendant claimed that the plaintiff rode his bicycle to a point between the tracks and then put one foot to the ground and brought his bicycle nearly to a stop, and almost immediately thereafter made motions with his feet and legs and body as if to proceed across the street; and that the driver of the truck, when he saw the plaintiff riding his bicycle as aforesaid,

believed and had reason to believe that if he proceeded in a straight course with the truck, he would run into the plaintiff, and as there was not room to turn the truck to the right, he turned the truck to the left and the rear wheels caught in the rails causing the truck to skid and some part of the truck to hit the plaintiff. The defendant further claimed that the truck was being driven at a reasonable rate of speed, and that the proximate cause of the collision was the contributory negligence of the plaintiff, and that the driver of the truck was without negligence.

The trial court in its charge, states the evidence of the defendant to be that the plaintiff started to go further into the middle of the track right in front of him, and that he could not go to the right of the plaintiff, but had to turn to the left as this was the only thing he could do. The evidence appears to support the statement of the trial court. But whether this version is correct, or that found in the claims of the defendant, is unimportant. Both represent that the driver had reason to believe that the · plaintiff was about to cross in front of the truck, and that as the driver could not turn to the north, he turned to the south in his attempt to avoid running into the plaintiff. Whether the driver had reason to believe the plaintiff was about to cross the street, and whether the turning of the truck to the south in the effort to escape running into the plaintiff was the exercise of reasonable care, and whether if the plaintiff attempted to cross in front of the truck he was in the exercise of due care, were questions of fact for the jury. So, too, whether the plaintiff stopped between the tracks and was run into while at rest in this place, and whether the conduct of the driver was negligent, were questions of fact for the jury. The evidence furnishes no basis for defendant's motion to set aside the verdict.

The trial court charged in accordance with the plaintiff's request, as follows: "If you find that the defendant's driver, by simply continuing on the right-hand side of the highway, could have avoided the accident, then your verdict must necessarily be for the plaintiff. He must prove one of the grounds of negligence, but he need not prove all of them; and if you find that said automobile was being driven at a dangerous rate of speed, and that said accident could have been avoided had said automobile been driven at a slower rate of speed, then your verdict must necessarily be for the plaintiff." This request was erroneously conceived, since it left out of consideration the plaintiff's contributory negligence, and left to the jury the determination of the defendant's conduct as the sole issue of the jury's verdict, when the plaintiff's conduct as well as the defendant's were, upon the claims of the parties and the evidence before the jury, essential to a proper verdict.

This request was read to the jury in the early part of the charge, and thereafter, with great fullness and sufficient accuracy, the trial court properly presented to the jury both of these issues—the negligence of the defendant and the contributory negligence of the plaintiff. This was done in such a way that we think it quite impossible that the jury should have failed to have understood that their finding that the plaintiff was guilty of contributory negligence, would bar his recovery. And so, too, we think the jury must have understood in what the plaintiff's contributory negligence was claimed to have consisted.

The court's presentation of these issues made them far clearer than any single request of counsel could have done, and where the court has the opportunity to cover in its own language and in the order in which it desires to present to the jury the subject-matter of a

request, such course is preferable. The error in complying with this request must be regarded as harmless.

Error is also predicated upon the statement in one part of the charge, that "because if it is true in one regard the case goes one way, and if it is true in the other regard the case goes another way, always including any other circumstances which may influence your decision." In view of the very clear statement of the claims of the parties, in which the issues involved, negligence and contributory negligence, were fairly placed before the jury, the statement made cannot have been misleading.

The ruling admitting evidence of charges incurred in the cure of the injuries claimed to have been suffered by the plaintiff through the negligence of the defendant, and the reasonableness of the charges, was correct. It appeared that the service covered by the hospital bill was necessary and the charges made therefor reasonable. Its exclusion was claimed upon the ground that it had appeared that the employer of the plaintiff had gratuitously paid these charges, and therefore the plaintiff had never suffered a loss through payment of these charges.

Evidence was also excluded, and properly, that the plaintiff was insured against loss from the payment of a hospital bill incurred in the effort to cure the injuries suffered through the negligence of the defendant.

The authorities, both numerically and in weight, agree that a defendant owes to the injured compensation for injuries the proximate cause of which was his own negligence, and that their payment by third parties cannot relieve him of this obligation; and that whether the motive impelling their payment be affection, philanthropy, or contract, the injured is the beneficiary of their bounty and not him who caused the injury. In short, the defendant has no equitable

or legal claim to share in the amount paid for the plaintiff. The rule in a majority of the cases is that an injured person is entitled to recover, as damages, for reasonable medical, hospital, or nursing services rendered him, whether these were rendered him gratuitously, or paid for by his employer. Such service or such payment is for the benefit of the injured person. It is a gift to him. But since it is one of the elements of injury, he is entitled to recover the reasonable value of the service.

In principle the same case was presented to us in *Regan* v. *New York & N. E. R. Co.*, 60 Conn. 124, 130, 22 Atl. 503. A loss had been paid by an insurance company, and the party causing the loss claimed to have the insurance money deducted from the amount otherwise due. After a most elaborate consideration of the authorities, we held that there was no privity in such cases between one made primarily liable for such a loss and an insurance company. "How then," says the court, "can the defendant claim, as it does, the exclusive benefit of the insurance? It came to the plaintiff from a collateral source, wholly independent of the defendant, and which as to him was *res inter alios acta.*" In *Denver & R. G. R. Co.* v. *Lorentzen*, 24 C. C. A. 592, 594, 79 Fed. Rep. 291, 293, 294, the plaintiff was permitted to recover for doctors' and nurses' bills incurred in effecting a cure for injuries suffered through defendant's negligence. It did not appear that plaintiff had paid these, but the inference might fairly be drawn that the brothers of the plaintiff paid them. In upholding the liability of the defendant, the court said: "The liability of the defendant company for the expenses in question rests upon the ground that they were rendered necessary by its neglect of duty, and that liability was not altered, no matter what arrangement the plaintiff may have made

for their payment, or whether she ever pays them."
*Brosnan* v. *Sweetser*, 127 Ind. 1, 26 N. E. 555; *Lewark*
v. *Parkinson*, 73 Kan. 553, 555, 85 Pac. 601; *Varnham*
v. *Council Bluffs*, 52 Iowa, 698, 3 N. W. 792; *Sibley* v.
*Nason*, 196 Mass. 125, 131, 81 N. E. 887. See, also,
note to *Wells* v. *Minneapolis Baseball & Athletic Asso.*,
Amer. Anno. Cas. 1914A, 922, 926 (122 Minn. 327,
142 N. W. 706); 1 Sedgwick on Damages (9th Ed.) § 67.
There is no error.

In this opinion the other judges concurred.