HENRY V. HAYES *vs.* MORRIS AND COMPANY.

Third Judicial District, New Haven, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

It is for the trial court to determine what the facts are upon conflicting evidence; and a finding so made will not be corrected by this court upon appeal.

This court will not change a finding respecting an immaterial matter.

Common knowledge or experience may properly be used by a trier in determining the probability of the truth of testimony.

The impairment of one's earning capacity resulting from a personal injury, is not necessarily measured by the bare amount of wages lost, though evidence thereof is a proper element to be considered in assessing damages for the injury.

The fact that one injured through the negligence of another continued to receive from his employer the wages or salary for the time he was disabled, is not available to the wrong-doer to reduce or mitigate the damages otherwise recoverable.

Argued January 24th—decided March 1st, 1923.

ACTION to recover damages for personal injuries to the plaintiff, a traffic officer, while on duty in Waterbury, alleged to have been caused by the defendant's negligence, brought to and tried by the Superior Court in New Haven County, *Haines, J.;* facts found and judgment rendered for the plaintiff for $1,355, and appeal by the defendant. *No error.*

*William E. Thoms* and *James W. Carroll,* for the appellant (defendant).

*Edward B. Reiley,* with whom, on the brief, was *Thomas F. McGrath,* for the appellee (plaintiff).

CURTIS, J. It appears from the finding that on January 17th, 1921, the plaintiff was a police officer

of Waterbury and doing traffic duty at the intersection of two streets, one running north and south and the other east and west, and at two o'clock in the afternoon was operating a mechanical signal directing traffic. A servant of the defendant was then driving a horse and wagon of the defendant at a walk in the easterly direction approaching the intersection signal and the officer. When the horse of defendant's servant was about ten feet from the officer, he turned the signal, as was customary, for north and south traffic to start, but giving ample time for the defendant's servant and east-bound traffic to move to the east past the signal and the intersection. The officer when he turned the signal turned his body so as to face the north and south traffic. As the officer so turned, the servant, without warning, suddenly struck the horse with the reins causing the horse to jump, rear, slip and fall upon the officer. The blow given the horse was unnecessary and reckless, and was not the act of a reasonable, prudent driver, under the circumstances. The officer was without contributory negligence, and suffered severe personal injuries because of the negligent driving of the servant. At the time of the injury the plaintiff was receiving for his services as officer $36.75 per week.

The following are paragraphs from the finding: "12. Immediately upon the officer's so turning as aforesaid, Cupsky [the driver] suddenly and without any warning struck the horse with the reins, as a result of which sudden action the horse jumped, reared, slipped and fell upon the plaintiff. . . 18. Though the plaintiff under the terms of his employment as police officer was not entitled to pay for the period of unemployment for forty-eight days, the Board of Safety of the city of Waterbury, in the exercise of its discretion, gave the plaintiff a sum of money equal to what would

have been his pay for that period.   19.  The court in assessing damages to the plaintiff, allowed him the amount of his salary for the full period of forty-eight days of his incapacity, being $252."

The defendant moved that the trial court strike paragraph twelve from the finding, as a material fact found without evidence (Practice Book, 1908, p. 268, § 10, [3]).   The driver testified that he did not strike or touch the horse as he approached the signal and the officer.   An eye-witness testified that the driver struck the horse with the reins as he approached the officer, and he illustrated how he held the reins, and stated the results of his act upon the horse and officer.   We are satisfied that this testimony and necessary inferences from the results of the driver's acts, justify the finding of paragraph twelve.   The fact that the court stated in its memorandum, that the slapping of a horse with the reins to hurry it was an act that common knowledge or observation of the actions of drivers of slow horses made probable, has no bearing upon the question whether the way the horse was slapped was unnecessary, negligent and reckless, as found, but relates merely to the probability of the truth of the testimony of the eye-witness.   Paragraph eighteen of the finding was justified under the relevant evidence certified.   If, however, the change in the finding requested in this matter were granted, it would not affect the result.   The motions to correct the finding cannot, therefore, be granted.

The defendant claims that the plaintiff should not have been allowed to recover an amount equal to his salary for the forty-eight days he was unable to work, because, in substance, the City of Waterbury continued his pay.   The plaintiff alleged in his complaint, that as a result of his injury "he was prevented for a long time from following his regular occupation as a

policeman." That is an allegation of damages for time lost, or loss of earning capacity, in consequence of his injury. It is immaterial that he also alleged the amount of his customary pay.

Under our law the recovery of damages for loss of earning capacity, or time lost, is not merely a recovery of wages lost. In *Comstock* v. *Connecticut Ry. & Ltg. Co.*, 77 Conn. 65, 68, 58 Atl. 465, we held: "If the injury directly impairs the earning capacity of the latter [the plaintiff], he can recover in an action of tort, under proper pleadings, the amount of his loss from such impairment. . . . There are two modes of proving what is a man's earning capacity. His general qualities and his qualifications for any particular business in which he may be engaged may be described by those who know him, and under some circumstances they can give their opinion as to what sum represents the pecuniary value of his earning capacity for a certain period of time. . . . The other mode is to show what his earnings in fact were during a certain period. If he was employed by another on a salary, or worked at a trade, to those engaged in which a fixed rate of wages was customarily paid, they are easily proved." This is holding that a man's salary or wages is relevant evidence of the value of his earning capacity. The Massachusetts law is to the same effect. In *Mahoney* v. *Boston Elevated Ry. Co.*, 221 Mass. 116, 117, 108 N. E. 1033, in a case of wrongful personal injury, the court said: "In general the plaintiff is entitled to such sum of money as will compensate him for the loss actually sustained by the injury to his person. . . . As bearing upon the question of compensation, disability and impaired capacity are to be considered. If one receives wages or salary, the amount lost in this regard from the enforced inability to work is a proper element to be considered in assessing damages, but it is not

strictly recoverable as wages or salary." In *Braithwaite* v. *Hall*, 168 Mass. 38, 39, 46 N. E. 398, the court said: "It is true that, when a man is allowed to prove his average earnings or the wages actually lost by him, they are proved as a measure of the value of the time and power to labor of which he has been deprived, not as themselves recoverable *eo nomine*. . . . It is argued for the defendant, that the true measure is the market value of the average wages of a man of the plaintiff's average capacity working in the same employment." The test is, however, the experience of the individual injured. The "tort-feasor takes the risk of the value of what he destroys." "The pecuniary value of time lost by plaintiff in consequence of the injury is a proper element of recovery." 17 Corpus Juris, p. 780, § 106. The case of *Miller* v. *Rhode Island Co.* (R. I.), 82 Atl. 787, 788, illustrates a corollary of the rule stated in personal injury cases in regard to damages for loss of time. The court ruled: "His earning power is not necessarily confined to, and to be measured absolutely by, the bare wages he was receiving at the time of the accident."

Under our law, the essential question is what is the pecuniary value of time lost in consequence of the injury; the salary or wages earned at the time of the injury are merely evidential facts relevant to that inquiry. Under the principles laid down in *Roth* v. *Chatlos*, 97 Conn. 282, 116 Atl. 332; *Regan* v. *New York & N. E. R. Co.*, 60 Conn. 124, 22 Atl. 503, and *Comstock* v. *Connecticut Ry. & Ltg. Co.*, 77 Conn. 65, 58 Atl. 465, the fact that the city paid the plaintiff his wages, or an equal amount as a gratuity, during his incapacity, was not available to the defendant in mitigation of damages as a partial compensation of the injury. Sutherland on Damages, Vol. 1 (4th Ed.) § 158, reads: "Generally there can be no abatement

of damages on the principle of partial compensation received for the injury where it comes from a collateral source, wholly independent of the defendant, and is as to him *res inter alios acta.* . . . A man who was working for a salary was injured by the negligence of a carrier; the fact that the employer did not stop the salary of the injured party during the time he was disabled was held not available to the defendant in mitigation." *Elmer* v. *Fessenden,* 154 Mass. 427, 28 N. E. 299; *Cunnien* v. *Superior Iron Works Co.,* 175 Wis. 172, 184 N. W. 767, 18 A. L. R. 667. In the note to *Cunnien* v. *Superior Iron Works Co.,* 18 A. L. R. 667, 676, the conclusion of the annotator as to this subject is stated as follows: "Although the courts of different jurisdictions are not in entire agreement on the question, the amount of a recovery from a third person who is responsible for a personal injury is, in most jurisdictions, held not to be affected by the receipt by the plaintiff, from his employer, of wages or salary for the period during which he has suffered from the injury." He cites Alabama and New York as jurisdictions taking the opposite view.

We are satisfied that the trial court properly awarded the plaintiff damages to the amount of $252 for the incapacity to work caused by his injury.

There is no error.

In this opinion the other judges concurred.