CARL W. JOHNSON ET AL. *vs.* THE CHARLES WILLIAM PALOMBA COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 13th, 1931—decided January 12th, 1932.

*John F. McDonough* and *J. Warren Upson,* with whom, on the brief, was *Lawrence L. Lewis,* for the appellant (defendant).

*Clayton L. Klein* and *John C. Blackall,* for the appellees (plaintiffs).

AVERY, J.   In his complaint, the plaintiff sets up the following facts:   October 13th, 1928, he was employed by the Barlow Brothers Company in the capacity of foreman steamfitter inspecting work in and about the Charles William Palomba Building, known as the Hotel Waterbury, in that city.   The Barlow Brothers Company had a contract for plumbing the building owned by the defendant company, and the plaintiff, in his employment, had occasion to be in and about it on several occasions prior to the day of the accident. He had not been in the part leading to the cellar for a period of six weeks prior to that date.   When previously there, a stairway led into the cellar, a door entered thereon, and the stairway was lighted.   On October 13th, 1928, when the plaintiff was upon the premises in the course of his employment, an agent of the defendant company requested him to go to the cellar and examine some plumbing therein.   Between the time when plaintiff was last in this part of the building and the day of the accident, at a time unknown to the plaintiff, the defendant had permitted the stairs leading to the cellar to be removed, the door taken away, and the light removed; and no warning,

oral or written, of any of the existing conditions was given the plaintiff. He was not aware of the removal of the stairs or doorway, and, in the exercise of due care, started to go down into the cellar. By reason of there being no light, no door, and no stairs, he catapulted to the cellar bottom, about fifteen feet below, and suffered severe injuries. At that time, the defendant, its servants or agents knew, or ought to have known, of the removal of the stairway, the light, and the door; and they neglected to give the plaintiff any warning of the changed condition or of the danger then and there existing; and, by reason of the fall, the plaintiff's foot was crushed and permanently injured.

The defendant demurred to the complaint upon six grounds. As all but two are disregarded in its brief, we allude only to the two which are stressed. Of the specifications of demurrer insisted on, one is that there is no allegation in the complaint that if the defendant knew, or ought to have known, of the removal of the stairway or of the light or door, it was under any duty to give the plaintiff any warning thereof. "The owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knew of, or ought to know of. But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury. The same rule applies to the servants of the contractor and to the subcontractor and his servants." *Douglass* v. *Peck & Lines Co.,* 89 Conn. 622, 629, 95 Atl. 22. The complaint alleges that the defendant, its servants or agents knew, or ought to have known, of the condition; and, in effect, sets up that it was a hidden danger.

The other ground of demurrer insisted on, to the

effect that there is no allegation in the complaint that the defendant, in the exercise of due care, should not have permitted the removal of the stairs as part of the renovation of the building, is sufficiently answered by the fact that the negligence set forth does not consist of the removal of the stairs, but in not warning the plaintiff that they had been removed. There was no error in overruling the demurrer.

At the trial before the jury, it was seriously controverted whether the defendant was actually conducting the work of reconstruction, or whether the same was being carried on by an independent contractor, Nole, and whether the person who requested the plaintiff to go into the cellar on the day in question, was the servant of the defendant or of Nole. Another matter earnestly in dispute was whether or not there was any negligence on the part of anyone in removing the stairway and door and failing to warn the plaintiff thereof; and, even if there was any such negligence, whether or not the plaintiff was free from contributory negligence. It is unnecessary to detail the claims of the respective parties as to the facts established by the evidence bearing upon these issues. It is apparent that the conditions existing at the time and place of the accident were necessarily material in determining whether there was negligence upon the part of the defendant and absence of contributory negligence upon the part of the plaintiff, both fundamental issues in the case. Among the conditions involved were the relative locations of the light, the door, the stairway and a platform, if any existed, at the top of the stairway between the door and the stairs.

The defendant assigns as error certain rulings of the court in the rejection of evidence claimed by it to have had material bearing upon the determination of these conditions.

An architect, Flannigan, called by the defendant, testified that a landing at the head of the stairs was level with the floor of that part of the building when he made a sketch of the property in March, 1928, prior to the accident. He further testified that, with several workmen, he made an examination of that part of the property on the Sunday before the trial, some eighteen months after plaintiff's injury. On objection by plaintiff's counsel, he was not permitted to testify whether the old floor then remained at the time of the later visit and particularly, if so, whether it constituted a platform at the head of the stairs, and inside the door, level with the floor of the building as he observed it when making his sketches before the accident; or whether, as claimed by the plaintiff, the landing at the head of the stairs had been removed. In this connection a witness, Nole, called by the defendant, testified that about a month after the accident a new floor was laid over the old one, but, on objection by plaintiff's counsel, he was not permitted to testify as to the position of the platform, or whether it appeared to have been taken away before the new flooring was laid. In this same connection, the defendant called two experienced builders, who examined the place shortly before the trial, and being inquired of by defendant's counsel as to whether, from the appearance of the old platform at the head of the stairs, they could determine whether its location had been changed, on objection by attorney for the plaintiff, were not permitted to testify.

The defendant was endeavoring to show by the testimony from these witnesses that after the accident the old floor was in the same position as it had been before the accident; that there had been a covering of boards over the old floor, but after the boards were removed, its position appeared the same as before the accident;

that both before and after the accident, the old floor projected through the door a distance of about four feet, and on the same general level as the floor of the building; that there was no step down to a platform at the head of the stairs as claimed by the plaintiff; and that the platform at the head of the stairs had not been removed as claimed by the plaintiff.

The defendant, in brief and argument, maintains that the jury, from the testimony of the plaintiff and his witnesses, may well have thought that there had been a platform at the head of the stairs inside the door about nine inches below the general floor level, and that this platform had been removed before the accident; whereas, if the defendant had been permitted to show to the jury the true situation, it would have appeared that there was no step at the head of the stairs, but that the platform extended on the same level as the floor, about four feet beyond the door, and that this platform had not been removed at the time of the accident. The defendant insists that the evidence offered was admissible not only to affect the credibility of the plaintiff but for the more important purpose of showing the true situation in order that the jury might be in a position to properly determine the material issue of plaintiff's freedom from contributory negligence. The rulings of the court were not based upon any defect in the form of the questions. The evidence was offered by the defendant in various ways, and its purpose and bearing were fully stated to the court. It was excluded apparently upon the theory that testimony as to a condition so long after was too remote to show the condition existing at the time of the accident. In this, we think there was error prejudicial to the defendant. Evidence showing the existence of a state of facts before and after the happening of an event is relevant to prove the existence of that state of facts at

the time of the happening of the event. *Miles* v. *Strong,* 68 Conn. 273, 290, 36 Atl. 55; *Donahue* v. *Coleman,* 49 Conn. 464, 466. Where a situation is transitory, evidence of the condition of things a considerable time after the happening of an event is excluded as evidence of the condition at the time; but where, from the nature of the situation, the condition is of such a permanent character that the lapse of time would not make material difference, and it would be improbable that change had occurred, testimony as to conditions after the happening of an event is relevant to show the conditions existing at the time. This is especially true where a permanent structure is involved which would not be apt to change. 1 Wigmore, Evidence (2d Ed.) § 437; *Tager* v. *Sullivan,* 113 Conn. 417, 155 Atl. 74, 75; *Laplante* v. *Warren Cotton Mills,* 165 Mass. 487, 43 N. E. 294; *Jones* v. *De Coursey,* 42 N. Y. Supp. 578, 581; *Brown* v. *Swanton,* 69 Vt. 53, 37 Atl. 280, 283; *Brooke* v. *Chicago, R. I. & P. Ry. Co.,* 81 Iowa, 504, 47 N. W. 74, 76; *Alcott* v. *Public Service Corporation,* 78 N. J. L. 482, 74 Atl. 499, 32 L. R. A. (N. S.) 1084, 1088, and note, 1117. "It is not necessary that evidence should be conclusive to render it admissible." *Western Union Tel. Co.* v. *Thorn,* 64 Fed. 287, 290.

As a new trial must be ordered for the reasons stated, it is unprofitable to discuss the errors assigned in connection with the charge of the court, or the refusal to set aside the verdict or the amount of the damages.

Certain other rulings on evidence are mentioned briefly, inasmuch as they may recur upon a subsequent trial. The question addressed to Gilmore, treasurer of Barlow Brothers Company, whether the amount paid the plaintiff, $33 per week, was not based upon other considerations than the reasonable value of his services, was admissible. For example, money paid to the plaintiff by his employer from motives of hu-

manity could not be set off against an impairment of his earning capacity due to defendant's wrongful act. *Hayes* v. *Morris & Co.*, 98 Conn. 603, 607, 119 Atl. 901. On cross-examination, the plaintiff testified that he had worked from a plan showing the layout of the steamfitting work on the Palomba building. The defendant's counsel then called for the plan to be marked for identification, but did not offer it in evidence. The court properly ruled that, under these circumstances, Johnson could not be cross-examined as to the contents of the plan, a document not yet in evidence. Pakul, Barlow and Trowbridge, employees of the Barlow Brothers Company, employed about the premises in connection with the work, testified that they had used the stairway and door; but, over objection of the defendant, were permitted to testify that they did not know that these had been removed at the time of the accident. This question was too broad. The witnesses were doubtless entitled to testify as to what they saw as to warnings or the condition of the door and stairs, but whether or not they knew the stairway had been taken away, was immaterial. The portion of the plans made by the architect, Flannigan, after the accident, was clearly irrelevant and properly excluded. On cross-examination, Palomba, a witness for the defendant, was asked by plaintiff's counsel if he knew Johnson before he met him at the hospital, and he stated that he didn't. Afterward, the plaintiff recalled Johnson to the stand, and, over objection, he was permitted to testify that he worked at the Palomba building in 1927 and saw Palomba and talked with him. As far as appears, whether or not Palomba knew the plaintiff before the accident is irrelevant to any issue in the case. To permit a witness to be cross-examined on irrelevant matter and then call witnesses

to contradict him is not proper. *Barlow Brothers Co. v. Parsons,* 73 Conn. 696, 702, 49 Atl. 205.

There is error and a new trial is ordered.

In this opinion the other judges concurred.