JOSEPH SILVERMAN *vs.* SPRINGFIELD ADVERTISING COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 3d—decided May 14th, 1935.

*Jacob Bresnerkoff,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellees (defendants).

HAINES, J.   On the evening of April 7th, 1934, the plaintiff was a passenger in an automobile driven by Maurice Goldstein, which was proceeding south on the state highway from Worcester to Hartford, and when in Enfield, about five hundred feet south of the boundary line between Massachusetts and Connecticut, the car was in collision with another car owned by the named defendant, which was proceeding northerly toward Springfield and driven by its agent John J. O'Carroll, causing the injuries complained of.   Upon this appeal the liability of the defendant is not in question.

The plaintiff offered evidence to prove and claimed to have proved, among other facts, that his injuries included cuts about the face and head, and a broken leg; that as a result of these and other injuries he received, he was unable to return to his employment for ten weeks; that he thereafter worked for only three or four hours per day for eight to ten weeks more, and was unable to resume full and normal activities for four or five months following the accident, and that his leg would not be normal for a year but would continue to swell and pain him; that the foot did not rest squarely upon the ground, and that its condition and that of the ankle would be permanent.   He further claimed to have proved that his only income before the accident was his salary of $38 per week as the manager of a shoe store, plus commis-

sions which he earned, averaging $12 to $15 per week; that during his ten weeks' absence from his employment, his employer loaned him his salary of $38 per week for ten weeks, and this he has agreed to repay; that he received full pay for the succeeding period of partial employment and has not made any arrangement for repayment of any part of it.

The main ground of this appeal is the claim that the damages awarded by the jury are inadequate. There are at least three assignments of claimed errors in the charge relating to this contention. The jury were instructed that in addition to compensation for the personal injuries, "you will consider, in reaching the amount of your verdict, how much should be assessed by way of pecuniary loss, for expenses incurred in an endeavor to effect a cure, nursing and doctors' bills, and from any loss of employment; and then give consideration to what you should award in order to fairly and justly compensate the plaintiff for the pain and suffering that has been endured and will hereafter be suffered. You will take all these matters into consideration and, using your best judgment and experience in human affairs, award such sum as you consider should be awarded to fairly and justly compensate the plaintiff for the injuries received. . . . The plaintiff asks you to reasonably and fairly compensate him for the expenses to which he has been put, the loss of wages, and for such sum as will reasonably compensate him for the pain and suffering that he has endured." No instruction was given as to the claimed loss of commissions.

This appears to have been the only specific reference to the amount of damages to which the plaintiff would be entitled in the event of a verdict in his favor, and the only instruction which the jury received as to how those damages should be assessed. There were

no requests to charge, and it remains only to consider whether the charge thus given upon the question was correct in law, adapted to the issues and sufficient to guide the jury to a proper verdict. *Warner* v. *McLay,* 92 Conn. 427, 429, 103 Atl. 113.

One of the important elements of damage in cases of this sort is that of the impairment of earning capacity. As to this, the allegations of the complaint are: "The plaintiff has been incapacitated from the date of said injuries to the date hereof and will be further incapacitated for a long period of time to come, and has been unable to continue his occupation and employment and will be unable to continue his occupation and employment for a long period of time to come." At the trial this allegation was apparently treated by the parties as sufficient to justify recovery by the plaintiff of damages for the impairment of earning power. No claim was or is made by the defendant to the contrary and we shall treat it as a sufficient allegation.

From the foregoing instructions, the jury would hardly have understood otherwise than that they were to measure the impairment of earning power by the amount of wages lost, thus excluding from their consideration that period in which the full wages were paid by the employer without any agreement by the plaintiff for repayment in part, as well as the further period of claimed partial impairment.

Though the authorities are not in complete accord, it is the settled rule in this State and in most jurisdictions, that a recovery of damages for impairment of earning capacity is not measured merely by the loss of wages. The fact that the plaintiff's employer paid him full wages is not available to the defendant in mitigation of damages as being partial compensation for the injury. "Under our law the recovery of dam-

ages for loss of earning capacity, or time lost, is not merely a recovery for wages lost. . . . The essential question is what is the pecuniary value of time lost in consequence of the injury; the salary or wages earned at the time of the injury are merely evidential facts relevant to the injury." *Hayes* v. *Morris & Co.,* 98 Conn. 603, 606, 607, 119 Atl. 901. Our adherence to this principle is further shown by *Regan* v. *New York & New England R. Co.,* 60 Conn. 124, 130, 22 Atl. 503; *Comstock* v. *Connecticut Ry. & Lt. Co.,* 77 Conn. 65, 58 Atl. 465; *Roth* v. *Chatlos,* 97 Conn. 282, 287, 116 Atl. 332; *Dickerson* v. *Connecticut Co.,* 98 Conn. 87, 93, 118 Atl. 518; *Beckert* v. *Doble,* 105 Conn. 88, 91, 134 Atl. 154; *Carangelo* v. *Nutmeg Farm, Inc.,* 115 Conn. 457, 461, 162 Atl. 4. See also Sutherland, Damages (4th Ed.) Vol. 1, § 158; Vol. 4, § 1250. The basis for the rule is fully discussed in the Wisconsin case of *Cunnien* v. *Superior Iron Works Co.,* 175 Wis. 172, 184 N. W. 767, and further considered and cases annotated in 18 A. L. R. pp. 678-689.

We cannot hold otherwise than that the failure of the trial court to explain and direct the application of this rule in the present case, was so prejudicial to the plaintiff, as to constitute reversible error. This renders the consideration of other assignments unnecessary.

There is error and a new trial is ordered.

In this opinion the other judges concurred.