### JOHN PREG
*vs.*
### STEVE SOVARY ET AL.

Superior Court     Fairfield County     File No. 54898

MEMORANDUM FILED DECEMBER 27, 1941.

*A. S. Geduldig,* of Bridgeport, for the Plaintiff.

*D. Harold Cotter,* of Bridgeport, for the Defendants.

INGLIS, J. In January, 1937, the plaintiff, as an independent contractor, was engaged by the defendants to paint the inside rear stairways and halls in a three-story, three-family house owned by the defendants. On January 18th, at about 11:50 a.m., the plaintiff carried a 12-foot ladder out of the rear door of the second floor apartment onto a small rear porch and started to hand it over the rear railing on the porch to his son who was standing on the ground. Under the weight of the plaintiff as he leaned or fell against the railing, plus the weight of the ladder, the railing gave way and the plaintiff fell to the ground, seriously injuring himself.

So far as appears from the evidence the railing was properly nailed, the wood was not rotted and there is no evidence that any of the nails broke off because they were rusted. It is of some significance that it was not at a single point that the railing gave way but rather it was pulled away from the two posts between which it was located at all four places where it was fastened to those posts. The indication, therefore, is that the railing was suddenly subjected to an unusually heavy strain very probably caused by the plaintiff falling suddenly against it while he still had the added weight of the ladder in his hands. In any event, the plaintiff's proof does not offer any explanation for the railing giving way which would charge the defendants with neglect either in the construction or maintenance of the railing.

The railing, moreover, was on a porch which was exclusively a part of the second floor apartment which at the time was leased to a tenant. It was, therefore, not in the control of the defendants, nor is it even alleged that it was in their control. The gist of this action is not a claim of a private nuisance and if it were it could not stand because the injury suffered by the plaintiff was not in violation of any right which he enjoyed by reason of his ownership of land. *Webel vs. Yale University,* 125 Conn. 515, 525. The gist of the action is rather a claim of negligence in failing to repair a claimed defect. A landlord is liable for failure to repair a defect in leased premises which are not· in his control only in the event that the defect existed at the commencement of the tenancy and then only if it were such a defect that, under all of the circumstances, the landlord should not in reason have expected that the tenant would repair it or guard persons against it. *Webel vs. Yale University, supra.* In the

present case there is no evidence that any defect which might have existed in the railing was present when the premises were leased to the tenant or that if such a defect did exist the defendants should not have expected that their tenant would take care of it.

In the present case also the plaintiff was using the porch without the consent of the tenant. He was also using it without the consent of the defendants both because they had no knowledge that he was intending to use it (his work was to be confined to the interior of the building so no license to use the porch could be implied) and also because they would have had no right to consent to his use of such part of the property as was completely out of their control. Accordingly, the plaintiff while on the porch was a trespasser and as such took the premises as he found them except as against active negligence. *Wilmot vs. McPadden,* 79 Conn. 367, 375.

The defendants also allege that the plaintiff assumed the risk of any defect in the railing. If there had been a hidden defect in the railing, however, this defense would not be valid because an independent contractor only assumes such risks as are obvious. *Johnson vs. Palomba Co.,* 114 Conn. 108, 110.

Judgment may enter for the defendants to recover of the plaintiff their taxable costs.