Fannie Lashin et al. *v.* Thomas F. Corcoran et al.

Baldwin, King, Murphy, Mellitz and Shea, Js.

Argued April 14—decided June 23, 1959

*George D. Stoughton,* with whom was *DeLancey Pelgrift,* for the appellants (defendants).

*Jacob H. Channin,* with whom was *Edward S. Ludorf,* for the appellees (plaintiffs).

MELLITZ, J. The plaintiffs, husband and wife, brought this action to recover damages for injuries received by the wife, hereinafter referred to as the plaintiff, when she was struck by an automobile operated by the named defendant. The trial court concluded that the plaintiff sustained permanent injuries as a result of that defendant's negligent operation of his car and was herself free from contributory negligence. The facts found amply support these conclusions, and no corrections which will advantage the defendants may be made in the finding.

The only claimed error requiring discussion is the contention that the court improperly included loss of earning capacity as an element in the damages awarded the plaintiff. Prior to the accident, she had for many years been a partner in a grocery store with her husband and son. She worked in the store full time, averaging between forty and forty-four hours a week. She performed all the duties of a grocery clerk, including waiting on trade and acting as a cashier. She had had many years of experience in such work. As a result of her injuries, she was unable to perform any of her duties in the store from November 14, 1955, to February 4, 1957. Since then, she has been able to work only part time, and she will be able to work only on a part-time basis in the future. During the period she was unable to work in the store, her son and husband worked longer hours. She drew $60 a week against her share of the partnership profits both before and after the accident, and at the end of each year the partnership profits were divided, each partner receiving a one-third share. The market value of the services the plaintiff performed in the store was $52 a week for a forty-hour week. In awarding damages to her, the court included an award for her inability to carry on

her occupation and for loss of earning capacity in the past and in the future. The claim of the defendants is that the court erred in including this element in the damages, because the plaintiff had never received wages for her work and she continued to draw the same amount from her share of the profits from the business, and to receive the same share of the profits, as before the accident. No authorities are cited to support this claim.

One who has been injured through another's fault and whose earning capacity has been impaired by the injury is entitled to recover damages for the loss sustained by reason of such impairment. *Comstock* v. *Connecticut Ry. & Lighting Co.,* 77 Conn. 65, 68, 58 A. 465. The essential question is whether the plaintiff's capacity to earn was hurt. If it was, she is entitled to damages for any loss, past or future, attributable with reasonable probability to the impairment in her earning capacity. *Silverman* v. *Springfield Advertising Co.,* 120 Conn. 55, 58, 179 A. 98; *Hayes* v. *Morris & Co.,* 98 Conn. 603, 607, 119 A. 901; Restatement, 4 Torts § 924, comments c, d. It is not of controlling significance that the plaintiff was receiving no wages, as such, for her services at the time of the injury. *Federman* v. *Stamford,* 118 Conn. 427, 431, 172 A. 853. Recovery of damages for loss of earning capacity is not merely a recovery for wages lost. Salary or wages earned at the time of the injury are merely evidential facts, relevant but not conclusive, in the inquiry as to the pecuniary value of the impairment of earning capacity which an injured person has sustained. *Hayes* v. *Morris & Co.,* supra; *Chase* v. *Fitzgerald,* 132 Conn. 461, 469, 45 A.2d 789. Here, the services of the plaintiff were rendered in the prosecution of a business of which she was a part owner and from which she de-

rived income in the form of a share of the net profits and drew a weekly amount against that share. In such a situation, the value of her earning capacity is to be measured by the value of the services she contributed to the business. *Dempsey* v. *Scranton*, 264 Pa. 495, 503, 107 A. 877; *Woschenko* v. *C. Schmidt & Sons, Inc.*, 2 N.J. 269, 278, 66 A.2d 159; *Chesapeake & O. Ry. Co.* v. *Shanks*, 260 Ky. 416, 422, 86 S.W.2d 128. No claim is made that the plaintiff's services were of a special or peculiar nature. Her damages for loss of earning capacity may be determined by the market value of the services which she was prevented from contributing, that is, the amount commonly paid for such services in businesses of like nature. Restatement, 4 Torts § 924, comment c. Here, the finding that the market value of the services performed by the plaintiff in the business was $52 a week furnished a proper basis for the inclusion in the damages awarded to her of a sum to compensate her for her loss of earning capacity.

The plaintiff's right of recovery is not affected in any degree by the fact that she suffered no diminution in the amount she drew weekly or in her share of the profits, because a defendant is not entitled to be relieved from paying any part of the compensation due for injuries proximately resulting from his act where payment comes from a collateral source, wholly independent of him. *Roth* v. *Chatlos*, 97 Conn. 282, 287, 116 A. 332; *Hayes* v. *Morris & Co.*, supra; *Johnson* v. *Charles William Palomba Co.*, 114 Conn. 108, 114, 157 A. 902; *Hartford-Connecticut Trust Co.* v. *Riverside Trust Co.*, 123 Conn. 616, 629, 197 A. 766; 1 Sutherland, Damages (4th Ed.) § 158.

There is no error.

In this opinion the other judges concurred.