JOSEPH SPOSE, JR., et al., Plaintiffs, v RAGU FOODS, INC., et al., Defendants.

RAGU FOODS, INC., Third-Party Plaintiff, v POSTLER AND JAECKLE CORPORATION et al., Third-Party Defendants.

Supreme Court, Monroe County, January 9, 1989

### APPEARANCES OF COUNSEL

*Harris, Beach, Wilcox, Rubin & Levey (James C. Gocker* of counsel), for Ragu Foods, Inc., defendant and third-party plaintiff. *Hall & Karz (Laurence M. Karz* of counsel), for Postler and Jaeckle Corporation, third-party defendant. *Culley, Marks, Corbett, Tanenbaum, Reifsteck & Potter (Glenn E. Pezzulo* of counsel), for Werner-Spitz Construction Co., Inc., defendant. *Cyril A. Krenzer* for plaintiffs.

### OPINION OF THE COURT

RICHARD C. WESLEY, J.

This case presents the legal problem of determining the

effect of an independent, further disabling postaccident injury on the amount of damages awarded to a plaintiff for lost earning capacity.

Specifically, does a postaccident injury which completely disables a partially disabled plaintiff preclude his recovery for now foreclosed future earnings? The question is apparently one of first impression in New York.

FACTS

Plaintiff, Joseph Spose, Jr., was injured while working at defendant Ragu Foods' construction site in Rochester in 1981. At the time, he was employed by defendant Postler and Jaeckle Corporation, which was performing work at the Ragu site. Mr. Spose fell from a ladder on the job and injured his elbow. This injury, and the consequent disability are the subject of the instant action. Among other remedies, Mr. Spose seeks an award for loss of earning capacity.

On Christmas Day of 1986, Mr. Spose was shot in the neck in a completely unrelated and tragic incident by an unknown assailant. Mr. Spose was left completely paralyzed.

Defendants Ragu Foods and Postler and Jaeckle Corporation, based on this development, argue that any recovery by Mr. Spose for lost earning capacity must be denied as a matter of law, since we now know, prior to a trial on the issue of damages, that Mr. Spose will have no future earnings because of his second devastating injury.

OPINION

Defendants' argument is not an attempt to capitalize on the plaintiff's misfortune. It is grounded on the well-recognized principle that damages should be compensatory, not punitive in nature. (*Preston Co. v Funkhouser,* 261 NY 140 [1933], *reh denied* 261 NY 639, *affd* 290 US 163; *Steitz v Gifford,* 280 NY 15 [1939].) It is, moreover, a fair interpretation of what would be required under New York Pattern Jury Instructions 2:290, which states in pertinent part: "Any award you make for diminution of plaintiff's earning capacity in the future should be determined on the basis of his earnings prior to the injuries, the condition of his health, his prospect for advancement and the probabilities with respect to his future earnings prior to his injuries, the extent to which you find that those prospects or probabilities have been diminished by the inju-

ries, *the length of time that you find plaintiff would reasonably be expected to work "*. (Emphasis added.)

Defendants contend, in short, that as a result of the second disabling injury to Mr. Spose, the jury is precluded from reasonably finding that he could *in fact* be expected to work in the future. There are, therefore, no wages in the plaintiff's future and thus nothing for which the defendants need compensate him.

For the reasons that follow, however, the court holds that Mr. Spose's total disability as a result of the second incident is not determinative of his right of recovery against these defendants for future lost earning capacity as a result of the first injury.

We may assume, arguendo, that the plaintiff is totally disabled as a result of his second injury, and that his future earnings will be negligible. If an award of money damages for loss of earning capacity were based solely on these factors, there is no doubt that Mr. Spose would be denied this compensatory remedy. Such is not the case, however.

While the distinction between lost future earnings and loss of earning capacity is subtle and frequently not observed, it is nonetheless a settled distinction in the law. *(Southern Coach Lines v Wilson,* 31 Tenn App 240, 214 SW2d 55, 56 [1948]; 25 CJS, Damages, § 40.) A court in our sister State has stated the distinction this way: "In determining whether there is a loss of earning capacity '[t]he essential question is whether the plaintiff's *capacity* to earn is hurt.' * * * The key word is *'capacity.'* Wages before and after an accident are only material as guides to the trier". *(Jerz v Humphrey,* 160 Conn 219, 222, 276 A2d 884, 886 [1971], quoting *Lashin v Corcoran,* 146 Conn 512, 514, 152 A2d 639, 641 [1959].)

In *Jerz (supra),* the plaintiff, a 55-year-old man, was struck by an automobile. He sustained extensive injuries and was unable to work for an extended period. The issue of his damages for lost earning capacity was left to the jury despite age and shortened work life. *(Jerz v Humphrey, supra.)* Similarly, in *Lashin (supra),* the plaintiff, a grocery clerk injured by an automobile, was allowed to recover damages for loss of earning capacity irrespective of her earnings prior to, or after, her injury.

Yet another court has said: "It is not essential to recovery of damages for permanent disability that there be in the evidence for purposes of comparison proof of income before

and after the accident in support of diminution of earning power." *(Goldstein v Sklar,* 216 A2d 298, 309 [Sup Ct, Me 1966].)

In keeping with this view, a Florida appellate court has held that a plaintiff's undisputed decision not to continue working did not affect her award for diminished earning capacity. *(Hubbs v McDonald,* 517 So 2d 68 [Fla Dist Ct App, 1st Dist 1987], *reh denied* Jan. 22, 1988.) Another Florida court held that a plaintiff could recover for loss of earning capacity even though at the time of the trial she was working at the same job as prior to the accident with no loss of wages. *(Allstate Ins. Co. v Shilling,* 374 So 2d 611 [Fla Dist Ct App, 4th Dist 1979].)

While past and projected future earnings may be material issues to be considered by the trier of fact in evaluating an injury to a plaintiff's earning capacity, they are not, in and of themselves, determinative of that capacity.

Viewed from this prospective, the defendants' argument is unpersuasive. In the typical case, evidence regarding past and reasonably probable future earnings are an aid to the fact finder in placing a monetary value on an injury which impacts on the earning capacity of the plaintiff. On the extraordinary facts of this case, such evidence is not probative, as Mr. Spose's future earnings have been curtailed by an unrelated event. But the fact that the court has been deprived of some probative evidence does not bar Mr. Spose from recovering the reasonable value, as determined by the jury, of the injury he sustained in 1981 when he fell from a ladder at defendant's work site.

When a plaintiff has been injured in two separate incidents by distinct tort-feasors, he/she has a cause of action against each for the damage caused by each. (PJI 2:307; *Derby v Prewitt,* 12 NY2d 100, 106 [1962]; *Larsen v Clark,* 283 App Div 1064 [2d Dept 1954], *affd* 308 NY 995.) The first of the successive tort-feasors can frequently be held liable for a subsequent injury if that subsequent injury is reasonably foreseeable. *(See, Derby v Prewitt,* 12 NY2d, *supra,* at 105 *et seq.)* In contrast, the second tort-feasor is never liable for the original wrong, because the original wrong is, from his perspective, past and by definition not foreseeable. *(Derby v Prewitt, supra.)*

Here, the second tort-feasor is unavailable. If he were before the court, there is no doubt he would be held liable for the total disability of the plaintiff, minus whatever disability the

plaintiff had already sustained from his prior injury. *(Larsen v Clark, supra; Derby v Prewitt, supra.)* Contrary to this rule, defendants would have this court hold that the second tort-feasor's action in this case completely displaces the damage caused by the first. Such a ruling would be disconsonant, however, with the principle that each *tort-feasor* remains liable for the injury he has caused.

Accordingly, the request by defendants for an instruction to the jury that plaintiff's damages for lost earning capacity ceased to accrue after the Christmas 1986 injury is hereby denied.