Supreme Court—Corum v. Davis.

ELIZABETH CORUM AND JOHN CORUM, PLAINTIFFS, v.
NORMAN L. DAVIS AND ROBERT BOA, DEFENDANTS.

Submitted May 15, 1925—Decided October 6, 1925.

**Negligence—Motor Vehicle Collision—Judgment For Plaintiffs, Wife and Husband—Judgment Not Excessive For Either—X-ray Pictures Were Properly Connected—Husband May Recover For Loss of His Own Time in Caring For His Wife —Wife May Recover Full Loss of Earnings—Jury Justified in Inferring That Accident Was Due to Negligence of Defendant.**

On defendants' rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiffs, *John P. Lloyd.*

For the defendants, *Frank G. Turner.*

PER CURIAM.

This is a suit by a married woman, her husband adding his claim *per quod,* for damages sustained by personal injuries due to an automobile collision. The facts, as developed on the trial, and which the jury might have found to be substantially, are that Mrs. Corum was a passenger in a Ford sedan, driven by one Jackson, at night. As this car was proceeding on its proper side of the road, it became necessary to pass a large auto bus coming in the other direction, and as these two vehicles neared each other, and were about to pass, the defendant Boa, driving his own car, shot out from behind the auto bus and collided with the Ford sedan.

Neither defendant appeared at the trial, although the plaintiff had subpœnaed both of them as witnesses, and there was no evidence submitted for the defendants except that of a medical expert, with respect to Mrs. Corum's injuries. The plaintiff endeavored, unsuccessfully, to prove some connection of the defendant Davis with the affair, but the court granted

a nonsuit so far as he was concerned, and let the jury take the case as against Boa. There was a verdict in favor of Mrs. Corum against Boa for $1,500, and in favor of her husband for $400.

We take up the points as made. One, that the verdicts were excessive. Mrs. Corum had a fractured patella, an injury which is never permanently healed because the fractured portions of the patella never form a bony union. At the trial she said that she still walked stiffly and had had a great deal of pain. It also appears that she was accustomed to work out as a caterer, doing business on her own account, and that she had lost earnings in that line. We consider that the verdict of $1,500 in her favor was entirely reasonable.

As to the verdict of $400 awarded in favor of the husband, it was shown that he had had some expense for medical service, and that he had had to stay at home from work nursing his wife. The amount is small, and, indeed, hardly worthy of consideration on a claim of excessive damages.

The second point is that the court erred in refusing a mistrial because the question of insurance had been brought into the case. All that appeared in this case was that at the opening day of the term, when the general panel was in attendance, but no case was on, some motion for adjournment of the cause was made by the defendants' attorney, and on the hearing of that motion, in the presence of the general panel, the plaintiffs' attorney made some statements to the court about negotiations with the agent of the insurance company. A mere statement of these facts is sufficient to show the futility of this point.

The third point is that the X-ray pictures should not have been admitted because not properly connected. They were properly connected.

The next point is that the court erred in admitting the following question: "Doctor, what does this picture show?" The objection now made is that the doctor was not qualified to translate the pictures. No such objection was made at the trial.

The fifth point relates to the admission of this question: "What kind of blow would cause a fracture of the patella?" Again it is urged that the witness was not qualified, and again we reply that this objection was not made at the trial. We might well add that if it had been made to appear that the witness had been examined in chief as an expert this was cross-examination.

The sixth point is that it was erroneous to instruct the jury that the husband could recover for a loss of his own wages while he was attending his wife. The testimony showed that she needed care and nursing, and that, instead of hiring a nurse, he had stayed away from his work and attended her himself. It appeared that he earned, ordinarily, from $3 to $3.75 a day, and that he stayed away from work for two weeks. The total amount claimed on this item would, therefore, be something like $40. It is common knowledge that a trained nurse at the present time costs about $40 a week, and it is very doubtful whether even a practical nurse could be had for less than $20 a week. The argument made is that if the husband earned $1,000 a week, he could recover that amount under this charge, but the simple answer is that if he had earned $1,000 a week, such an instruction would probably never have been given to the jury. In testing the propriety of an instruction, the court necessarily must consider the instruction with reference to the particular case before it. *Stale* v. *Egan*, 84 *N. J. L.* 701, 706.

The seventh point challenged is the charge that the wife was entitled to recover full loss of her earnings. This was clearly correct because, as stated above, she worked out as a caterer on her own account.

The eighth and last point is that there was error in charging that the jury was justified in inferring that the accident was due to the negligence of the defendant. If the jury found the facts as we have stated them at the outset, it is difficult to see what other inference could have been drawn than that the accident was due to the negligence of the defendant.

The rule to show cause will be discharged.