ANNA T. BECKERT vs. FRANCES DOBLE.
WILLIAM E. BECKERT vs. FRANCES DOBLE.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

The jury returned verdicts for the plaintiffs, husband and wife, in actions brought under § 3404 of the General Statutes, which provides that "when any dog shall do any damage, either to the body or property of any person, the owner or keeper . . . shall be liable for such damage." *Held* that the constitutionality of the statute was unquestionable; that the verdict for the wife was amply supported by the evidence; and that its amount—$2,500—was not excessive in view of the evidence as to the character of her injuries and as to her care in securing, and following, competent medical and surgical advice.

Since there was evidence that the defendant's dog actually jumped against and knocked down the plaintiff wife, there was no occasion to consider whether, under the statute, she could have recovered, if her fall had been merely the result of fright arising from the actions of the dog.

When a husband sacrifices the earnings from his employment in order to devote his time and attention to the care of his injured wife, whose condition is such as to reasonably require it, he is entitled to reimbursement for his loss, but not in excess of the amount for which he could have secured reasonably competent care by others.

A husband cannot recover the loss of earnings of an adult daughter, who temporarily relinquishes her employment in order to care for her injured mother, where it does not appear that he was thereby subjected to any damage or expense, or that she has made any claim upon him for compensation for her services.

An injured person is entitled to recover for medical and nursing services which were rendered as a gift or were paid for by a third party; but this right is personal and exclusive, and if the injured person is a wife, the measure of her husband's recovery is limited to reimbursement for expenses incurred by him as a result of her injuries.

Argued June 3d—decided July 30th, 1926.

ACTIONS by a husband and wife to recover damages for personal injuries to the wife, alleged to have been

inflicted by a dog owned by the defendant, brought to the Superior Court in New Haven County and tried together to the jury before *Nickerson, J.;* verdicts and judgments for both plaintiffs, and appeals by the defendant. *No error in the case of Anna T. Beckert; error in case of William E. Beckert and new trial ordered unless remittitur filed.*

*Edwin S. Pickett,* for the appellant (defendant).

*William L. Hadden,* with whom, on the brief, was *David E. Fitzgerald,* for the appellees (plaintiffs).

HINMAN, J. These actions were brought under § 3404 of the General Statutes, which provides that "when any dog shall do any damage, either to the body or property of any person, the owner or keeper . . . shall be liable for such damage." The complaint in each action alleged that the defendant's dog attacked Mrs. Beckert and knocked her to the ground whereby she suffered injuries, and her testimony was that as she was passing the defendant's house she felt something hit her, turned and saw the defendant's dog "up on" her left side, that she lost her balance "with the weight of him," fell and became unconscious, sustaining injuries which included a broken hip. The defendant claimed that her dog was not the one which jumped against Mrs. Beckert.

The reasons of appeal are substantially identical in both cases, and the first relates to the denial of the motion to set aside each verdict as against the evidence, contrary to law, and excessive, and because the statute is unconstitutional. The evidence fully justified the jury in holding that the act of the dog in jumping against Mrs. Beckert was the direct cause of her fall and injuries, and there is no occasion to

consider, as the appellant urges, whether recovery may be had, under the statute, for injury not resulting directly from the act of the dog, but caused by fright occasioned by such act. The constitutional validity of the statute is unquestionable. *Grissell* v. *Housatonic R. Co.*, 54 Conn. 447, 461, 9 Atl. 137.

As to the amount of damages awarded the plaintiff Anna T. Beckert: she sustained a fractured hip, entailing a long period of disability and suffering and resulting in a permanent shortening of her right leg, eversion of the foot, and limitation of motion of the right hip, as well as impairment in health. The evidence was such as to warrant the jury in finding that there was no lack of care in securing competent medical and surgical attention and in complying with the prescribed treatment. *Flint* v. *Connecticut Hassam Paving Co.*, 92 Conn. 576, 103 Atl. 840; *Ross* v. *Stamford*, 88 Conn. 260, 91 Atl. 210. The amount ($2,500) awarded to her was not excessive.

In the case of William E. Beckert, both parties agree that the amount of the verdict, $437.50, consisted of $147 for doctors and medical supplies, and $26 per week (testified to as a reasonable price for the services of a practical nurse) for the ten weeks during which, first a daughter for five weeks, and then the husband for five weeks, cared for Mrs. Beckert, remaining away from their employment for the purpose, plus interest to date of judgment. In addition to his expenditures for doctors and medicines, he is entitled to reimbursement for his own time and services devoted to the care of his wife, to the extent of the reasonable worth of his services so rendered, not exceeding the amount for which he could have hired reasonably competent attendance by others. When the injuries to the wife are such as to render it reasonably necessary that the husband provide her with care, and he sacrifices his

Beckert *v.* Doble.

own earnings from his employment in order personally to care for her, the loss of the pecuniary value of his services is as much a legitimate expense as if he had hired attendance by another and paid a reasonable price, and he can recover therefor, but not more than the amount for which he could, instead, have secured reasonably competent care by others. *Selleck* v. *Janesville,* 104 Wis. 570, 47 L. R. A. 691, 694, 80 N. W. 944; *Louisville & N. R. Co.* v. *Quinn,* 145 Ala. 657, 39 So. 616; *Salida* v. *McKinna,* 16 Colo. 523, 27 Pac. 810; *Lindsey* v. *Danville,* 46 Vt. 144. The same reasoning does not apply, however, to the services of the daughter. She was twenty-two years of age and employed, and there is nothing to establish or suggest that the plaintiff, her father, was subjected to any expense or loss by reason of her temporary sacrifice of her employment and the service which she rendered, nor is it found that she has made claim upon the father for compensation for such service. Her own loss cannot be regarded as an expense incurred by him. *Dundon* v. *Interurban Street Ry. Co.,* 87 N. Y. Supp. 460.

An injured person is entitled to recover for medical or nursing services rendered him, even if gratuitous or paid for by a third party, on the ground that while such service or payment is a gift for his benefit, it is one of the elements of his injury and he is entitled to the benefit of the gift. *Roth* v. *Chatlos,* 97 Conn. 282, 116 Atl. 332; *Dickerson* v. *Connecticut Co.,* 98 Conn. 87, 118 Atl. 518; *Hayes* v. *Morris & Co.,* 98 Conn. 603, 607, 119 Atl. 901; *Missouri, K. & T. Ry. Co.* v. *Holman,* 15 Tex. Civ. App. 16, 38 S. W. 130; *Crouse* v. *Chicago & N. W. Ry. Co.,* 102 Wis. 196, 78 N. W. 446. But this right of the injured party, in this case the wife, is personal and exclusive; the husband's right of recovery is limited to reimbursement for expenses incurred by him by reason of his wife's injury.

*Marri* v. *Stamford Street Railroad Co.,* 84 Conn. 9, 23, 78 Atl. 582. The verdict was excessive by the amount allowed for the daughter's services and for interest thereon.

The one ruling on evidence appealed from was correct. The charge was not at variance with the defendant's contention that the damage, to be recoverable, must be direct and not consequential; the jury was sufficiently instructed that, to justify recovery, the act of the dog in jumping against Mrs. Beckert must have been the direct, proximate cause from which she fell and received her injuries.

There is no error in the case of Anna T. Beckert. In the case of William E. Beckert there is error in the amount of damages awarded and a new trial is ordered unless the plaintiff, within sixty days, files a *remittitur* of $140.53.

In this opinion the other judges concurred.