■ ADOLPH J. KRAEGER, Respondent-Appellant, v SOUTH LEWIS CENTRAL SCHOOL DISTRICT et al., Appellants-Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff seeks to recover damages for injuries sustained when an automobile operated by his mother, in which he was a passenger, collided with defendant's school bus June 17, 1974. Plaintiff was hospitalized for multiple injuries, including a spinal injury that required the complete immobilization of his body continuously from the date of the accident until September 23, 1974. On August 19 and 20, 1974 his attorney received medical bills which established to the attorney's satisfaction that plaintiff had sustained "Serious injury" within the definition of subdivision 4 of section 671 of the Insurance Law. Within 90 days thereafter, on October 7, 1974, plaintiff served a notice of claim on defendant school district as required by section 50-e of the General Municipal Law. Subsequently, he commenced an action against defendant school district by service of a summons and complaint, but then, anticipating the potential danger of an adverse decision on the notice question after expiration of the one-year period for commencing suit (see *Camarella v East Irondequoit School Bd.,* 34 NY2d 139), plaintiff moved for permission to discontinue his action and file a late notice of claim under subdivision 5 of section 50-e of the General Municipal Law or, in the alternative, for a determination that his notice filed within 90 days of discovery that his medical bills exceeded $500 (but more than 90 days after the accident) was timely. Special Term granted the motion to discontinue the action, granted permission to file a late notice of claim and denied the motion to determine that the notice was timely. These cross appeals followed. Special Term properly exercised its discretion in granting plaintiff permission to discontinue his action. After doing so, since there was then no action in existence and one year had not elapsed from the date of the accident, it could and did properly permit plaintiff to file a late notice of claim *(Natoli v Board of Educ. of City of Norwich,* 277 App Div 915, affd 303 NY 646). Since we affirm on this ground, we do not reach the question of when a "claim arises" for purposes of filing a notice in actions involving serious injury as defined by section 671 of the Insurance Law. (Appeals from order of Special Term granting leave to serve

late notice of claim.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.