OPINION OF THE COURT
Howard A. Zeller, J.
Defendant moves for dismissal of the complaint upon the ground the action is barred by the Statute of Limitations (CPLR 3211, subd [a], par 5).
Plaintiff Theresa M. Correll alleges she was driving her car on December 19, 1974, and when she stopped for a light, an auto driven by defendant Kathleen Costello negligently struck plaintiff’s vehicle. She seeks damages for her injuries, and by *398 a second cause of action her husband seeks damages for loss of consortium and services.
The complaint alleges that plaintiff wife sustained a "serious injury” within the meaning of subdivision 4 of section 671 of the Insurance Law and that she sustained economic loss greater than "basic economic loss” as defined in subdivision 1 of section 671 of the Insurance Law.
On December 20, 1977 — three years and one day after the accident — defendant was served with a summons; the Statute of Limitations for personal injuries is three years (CPLR 214). Defendant contends the statute had expired and the action is time-barred. Plaintiffs argue the wife’s medical bills did not exceed $500 until sometime in 1975, and the causes of action did not accrue until she met the no-fault threshold of section 671 of the Insurance Law.
The memorandum of law submitted by counsel for plaintiffs states that sometime in 1975 Mrs. Correll’s medical bills exceeded $500 and that she did not otherwise sustain a serious injury. There is no affidavit proof that she exceeded the $500 limitation sometime in 1975.
Does a cause of action under no-fault against a private person accrue on the date of the accident or when the $500 threshold is reached? Subdivision 1 of section 673 of the Insurance Law provides in part, "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury”. Subdivision 4 of section 671 of the Insurance Law, effective until November 30, 1977, defines a serious injury as a personal injury (a) which results in certain enumerated injuries or (b) "if the reasonable and customary charges for medical, hospital, surgical, nursing * * * prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars.” The use of the word "would” is significant. "Would” sometimes expresses what might be expected and is often interchangeable with the word "should” (Black’s Law Dictionary [rev 4th ed], p 1782). Medical expenses need not exceed $500 when the action is commenced; it is enough that plaintiff anticipate he or she will pass the threshold. (Parry v Scott, 80 Misc 2d 1049.)
A cause of action under no-fault against a school district accrues on the date of the accident. (Cota v Madison Cent. *399 School Dist., 89 Misc 2d 646, affd 62 AD2d 1083.) Section 50-i of the General Municipal Law is the Statute of Limitations for actions against municipal corporations, and the Legislature clearly intended such actions to accrue when the accident occurred. (Phillips v Village of Waterford, 48 AD2d 745.) The legislative intent is not clearly discernible in the accrual of no-fault actions against a private person. Section 50-i of the General Municipal Law commences running upon "the happening of the event upon which the claim is based”, whereas CPLR 214 commences running "from the time the cause of action accrued.” (CPLR 203.) Thus the issue in Cota was distinct from the instant case.
The general rule is that a cause of action accrues when the wrong is done. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Yol 7B, CPLR 203, p 111.) For example, in Schwartz v Heyden Newport Chem. Corp. (12 NY2d 212), a physician injected a patient with a chemical which caused a carcinoma which was discovered 13 years later. The cause of action accrued at the time of injection.
The main exceptions to the general rule are for cases of continuing injury: continuing trespass (509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48), continuing medical treatment (O’Laughlin v Salamanca Hosp. Dist. Auth., 36 AD2d 51), and medical malpractice when a doctor leaves a foreign object in a patient’s body (Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427). In Flanagan a doctor left surgical clamps in the plaintiffs abdomen after an operation. Eight years later the clamps were discovered. The cause of action accrued when the patient could have reasonably discovered the malpractice. The court in Flanagan carefully distinguished Schwartz; in Flanagan there was no danger of a false or frivolous claim, no possible causal break between original negligence and injury and no question of credibility. In this case, these dangers are present, and the more restrictive rule of Schwartz applies. The cause of action in this case accrued on the date of the accident when the wrong was done.
Another reason for so holding is to avoid an anomalous result. In Parry v Scott (80 Misc 2d 1049, supra) it was held that a plaintiff may bring a no-fault action when he has not yet reached the $500 threshold. If a cause of action were held to accrue when the threshold is reached, and if an action were brought before the threshold was reached, then a case could be brought before the cause of action accrues.
*400 This action was not commenced until the three-year Statute of Limitations had expired. It is barred.
The failure of plaintiffs to submit affidavit proof that plaintiff wife exceeded the $500 threshold sometime in 1975 is also a basis for granting defendant’s motion. In Doyon v Bascom (38 AD2d 645) plaintiff commenced a negligence action for personal injuries over four years after an alleged auto accident. Defendant moved to dismiss the complaint on the grounds it was barred by a three-year Statute of Limitations. Plaintiff argued the statute could have been tolled by infancy, insanity, or imprisonment, but failed to submit proof thereof. The Third Department noted (pp 645-646) that while "the burden of proving the affirmative defense of the Statute of Limitations rests on the party invoking it, a defendant asserting the statute need not negate any exceptions contained therein, the burden resting upon plaintiffs to aver facts showing the case at hand falls within such exceptions * * * When the defendant’s affidavit established prima facie proof that the period of the Statute of Limitations had elapsed, it became the obligation of the plaintiffs to produce some evidentiary facts showing a tolling of the statute, if such were their claim. In the absence of such a showing, Special Term properly dismissed the complaint.”
Doyon involved tolling provisions of a Statute of Limitations, whereas the instant case involves accrual Of a cause of action. However, the policy behind both cases is similar: if defendant shows a cause of action on its face is time-barred, plaintiff must come forward with proof it is not. Plaintiffs here have failed to do this; the statement in the brief of plaintiffs’ counsel is not a substitute for proof by plaintiffs regarding the date plaintiff wife reached the threshold.
Defendant’s motion is granted.