NEW YORK STATE THRUWAY AUTHORITY, Appellant, v JOHN CIVETTA CONSTRUCTION CORPORATION et al., Respondents.

Third Department, June 1, 1978

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz*, Attorney-General (*Richard J. Dorsey* and *Ruth Kessler Toch* of counsel), for appellant.

*Donald D. Gulling, Jr.* (*David R. Taylor* of counsel), for respondents.

## OPINION OF THE COURT

MAIN, J.

On January 21, 1972, a piece of construction equipment being transported by a tractor trailer owned by defendant John Civetta Construction Corporation and operated by defendant Vincent J. Spinnato collided with and damaged a pedestrian bridge belonging to plaintiff New York State Thruway Authority in the City of Yonkers. As a result, plaintiff commenced this negligence action against defendants, and Special Term thereafter granted it summary judgment on the issue of liability and referred the question of damages to the Trial Term for determination. Ultimately, following a trial without a jury, the court awarded plaintiff damages in the amount of $16,000, plus costs and interest from January 21, 1972. Alleging that said award is inadequate, plaintiff now appeals.

Initially, plaintiff contends that the trial court erred in not awarding it damages for the wages it paid its own Thruway personnel for the time those employees spent working on the bridge repair project. We agree. Although Klevens Construction, Inc. was awarded the contract for and performed the necessary repairs to the bridge, it is undisputed that Thruway engineering personnel prepared the plans and specifications for the project and supervised the execution thereof. Moreover, all parties agree that the preparatory and supervisory work in question was necessary for the proper completion of the repairs, and in its decision the trial court stated that, had plaintiff hired an outside consultant to perform the work actually done by its own employees, it would have been entitled to be compensated therefor by defendants.

Such being the case, in our opinion plaintiff should recover from defendants the costs of its own personnel devoted to the project. While the case of *Coyne v Campbell* (11 NY2d 372) might be interpreted as indicating a contrary determination, such a result in this instance would be both illogical and unfair. Maintenance and improvement of the New York State Thruway are funded by the tolls paid by those members of the traveling public utilizing the highway, and the moneys generated by these tolls are obviously not intended to be utilized to indemnify negligent wrongdoers who do injury to the Thruway system. Here, the trial court concedes that, but for defendants' negligence, plaintiff's employees working on the repairs would have been free to perform their normal upkeep

duties instead of expending time on the damaged bridge. Thus, not only was plaintiff burdened with the extraordinary expense of rectifying the product of defendants' negligence, but other regular work necessary for the proper maintenance of the Thruway was delayed as a result thereof.

Under these circumstances, there is no justification for penalizing plaintiff, as suggested by the trial court, by denying it a recovery for the cost of repair work merely because the work was performed by plaintiff's employees rather than by an outside consultant. In this regard, we would emphasize that the work done by plaintiff's employees was not gratuitous in nature, but rather was supported by consideration in that the workers performed their tasks in consideration of the promise of compensation for services rendered. As such the compensation ultimately paid to these employees unquestionably constituted an expense for plaintiff attributable to the defendants, and the recovery thereof by plaintiff would, consequently, not be a windfall. Instead, a windfall in favor of the negligent wrongdoers and to the detriment of plaintiff and the traveling public would be avoided because defendants would not escape liability for their actions upon the fortuitous circumstance that plaintiff had employees available to help repair the bridge. Unable to distinguish the instant situation from cases involving collateral sources, such as health insurance, wherein the source does not serve to diminish the injured party's recovery because it was purchased by said party for a consideration (see *Healy v Rennert,* 9 NY2d 202), we, therefore, conclude that, for plaintiff to be made whole here (see *Matter of Rothko,* 43 NY2d 305; *Steitz v Gifford,* 280 NY 15, 20), it must recover its personnel costs relative to the bridge repair project. Moreover, it having been adequately established in the record that these costs totaled $8,225.62 and that they were calculated in accordance with sound accounting principles, that amount must be added to plaintiff's award (*New York State Elec. & Gas Corp. v Goettsche,* 48 Misc 2d 786, 790, affd 26 AD2d 968).

■ In conclusion, we also cannot sustain the trial court's refusal to allow plaintiff to recover the full amount of its contract price with Klevens Construction, Inc., i.e., $19,000. Finding that plaintiff took an unreasonable length of time to repair the bridge and that, as a result, its contract price with Klevens was unjustifiably inflated at a rate of 8% per year for two years, the court awarded plaintiff only $16,000 on the

contract. Although the damage occurred in late January of 1972 and the repairs were not completed until the spring of 1974, in our view no unreasonable delay on the part of plaintiff has been demonstrated. Time was needed to prepare the plans and specifications for the project, to let the contract, and to make the needed repairs. Moreover, plaintiff has its own scheduling priorities of work that has to be done, and negligent defendants cannot reasonably expect that it will completely abandon that schedule for their benefit.

The judgment should be modified, on the law and the facts, with costs, by increasing plaintiff's award from $16,000 to $27,225.62, plus costs and interest from January 21, 1972, and, as so modified, affirmed.

MAHONEY, P. J., GREENBLOTT, KANE and MIKOLL, JJ., concur.

Judgment modified, on the law and the facts, with costs, by increasing plaintiff's award from $16,000 to $27,225.62, plus costs and interest from January 21, 1972, and, as so modified affirmed.