*93 OPINION OF THE COURT
Rudolph U. Johnson, J.
Defendants, Niagara Frontier Transit Metro Systems, Inc. (NFT Metro), sued herein as Niagara Frontier Transit Authority, and John Chudzinski, by notice of motion seek an order pursuant to CPLR 3211 dismissing the complaint of the plaintiffs, Angeline and Curtis G. Taber, on the ground that the plaintiffs’ cause of action is barred by the Statute of Limitations as expressed in subdivision 2 of section 1299-p of the Public Authorities Law.
The underlying cause of action arises from a claim for personal injuries allegedly suffered by plaintiff, Angeline Taber, while a passenger aboard a bus owned by defendant, NFT Metro, and being operated by defendant, Chudzinski, on March 15, 1978. Summons and complaint was served on defendant, NFT Metro, on April 17, 1979 and on defendant, Chudzinski, by substituted service on or about May 30, 1979.
In opposition to this motion, plaintiffs argue that the running of the one-year Statute of Limitations does not commence until 30 days after service of a notice of claim upon the defendant in accord with section 50-e of the General Municipal Law.
The necessity of such formal notice and the effect of the 30-day statutory prohibition of subdivision 1 of section 1299 of the Public Authorities Law was previously reviewed by this court in Niemczyk v Pawlak (98 Misc 2d 532). That decision also addressed plaintiffs’ second contention that section 17 of the Public Officers Law is available to indemnify defendant, Chudzinski, who is otherwise individually subject to the three-year Statute of Limitations of CPLR 214. Niemczyk disposed of both of these arguments contrary to the rationale suggested by plaintiffs.
Plaintiffs, however, further argue that subdivision 1 of section 673 of the Insurance Law effects an additional prohibition against suit until such time as plaintiffs are able to establish a "serious injury” within the meaning of subdivision 4 of section 671 of the Insurance Law.
Subdivision 1 of section 673 provides in part: "1. Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury”.
*94 "Serious injury” is defined in subdivision 4 of section 671 as: "4. 'Serious injury’ means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.”
Plaintiffs reason that no cause of action accrues until they can so demonstrate the mandated "serious injury”, or in the alternative if the cause of action is deemed to accrue as of the date of the accident, then, in that event, the running of any Statute of Limitations is tolled until the injured plaintiff can demonstrate a "serious injury”.
This court is, therefore, asked to decide whether subdivision 4 of section 671 and subdivision 1 of section 673 of the Insurance Law effect a change in the generally accepted accrual date of a cause of action founded in negligence, that is, the date of the accident, to the date the injured plaintiff can demonstrate the statutorily mandated "serious injury” or, alternatively, whether those provisions in conjunction with CPLR 204 (subd [a]) effect a tolling of any applicable Statute of Limitations.
This question has, apparently, never been reached by an appellate court (see, e.g., Kraeger v South Lewis Cent. School Dist., 49 AD2d 1029) but was met in reference to the so-called "threshold limit” of $500 (see Correll v Coestello, 94 Misc 2d 397; Parry v Scott, 80 Misc 2d 1049).
Defendants rely upon these latter decisions as authority supporting its contention that the accrual date remains the date of the accident and that, for limitation purposes, time commences to run from that date forward without intervention of any statutory prohibition other than that found in subdivision 1 of section 1299-p of the Public Authorities Law. The "threshold” or quantitative definition of serious injury reviewed in Correll and Parry was, however, removed in an amendment to subdivision 4 of section 671 of the Insurance Law effective December 1, 1977 (L 1977, ch 892) leaving only a *95 qualitative definition. To this extent, we do not believe that the judicial reasoning interpreting this statute is here applicable.
Nevertheless, to follow plaintiffs’ arguments for delaying the accrual date or applying either a statutory prohibition or condition precedent to suit until the "serious injury” plateau has been met, we believe, would only serve to impede or defeat the general scheme of the statute (Comprehensive Automobile Insurance Reparations Act [Insurance Law, §§ 670-678], hereinafter, the "no-fault” law).
The "no-fault” law, as enacted, provided no formal legislative history and is otherwise silent to its purposes and procedures. It is, however, generally accepted that two of the substantive legislative intents were: to remove delay in providing payments for out-of-pocket losses suffered from an automobile accident and to lessen court case loads by limiting recovery for damages for noneconomic loss (pain and suffering) to instances of "serious injury” only.
This court, therefore, feels compelled to interpret the "no-fault” law in such a manner as to accommodate these purposes.
While it is generally accepted that, in tort actions based in negligence, the accrual of a cause of action is occasioned on the happening of the harm, the court recognizes that the computation of the period within which suit must be commenced or be time barred, becomes clouded under the overlay of procedural preconditions and statutory prohibitions placed upon the litigation timetable by the Public Authorities Law and General Municipal Law.
For example, subdivision 1 of section 1299-p of the Public Authorities Law provides a specific legislative prohibition against suit for certain recognized causes of action for 30 days following notice, which when read in conjunction with CPLR 204 (subd [a]) tolls the one-year Statute of Limitations of subdivision 2 of section 1299-p of the Public Authorities Law for that period.
Condition precedents to suit are, on the other hand, generally formulated in newly created statutory remedies. Thus, in the case at hand, the right to sue the State, or a subdivision thereof (here NFT Metro), is a statutorily created privilege preconditioned on timely notice of claim (see General Municipal Law, § 50-e, mandating formal notice; Public Authorities Law, § 1299-p, subd 1, requiring informal notice). The applica *96 ble Statute of Limitations, however, is not tolled and continues to run from the date of harm.
To this maze, the plaintiffs would now add a new method of calculating accrual or, alternatively, a new statutory prohibition against suit.
We cannot agree. The obvious conclusion of plaintiffs’ reasoning is that section 673 of the Insurance Law abolishes the common-law tort claim for damages resulting from another’s negligence in the operation or use of an automobile. However, rather than creating a substantive impediment, or even a condition precedent to suit, we believe that the "no-fault” law is merely intended to limit recoverable damage to those damages beyond the "no-fault” benefits, i.e., for a noncovered "serious injury” for which a suit for pain and suffering is maintainable.
"No-fault” thus represents only a legislative reduction of allowable damages under a common-law cause of action. It is neither a new designation of accrual, nor a condition precedent nor a statutory bar to suit. The cause of action continues to accrue at the time the injury is inflicted, notwithstanding that, for the purpose of the "no-fault” law, the damages do not mature to serious proportions until a later date.
We are not unmindful of the unpredictable nature and vagueness inherent in determining "serious injury”. This apparent failing in legislative draftsmanship should not, however, be construed to bar immediate suit, but merely opens more factual issues for determination at trial. Indeed, that the Legislature has apparently contemplated this result is evidenced by its addition of subdivision (g) to CPLR 3016 placing the burden of pleading "serious injury” upon the plaintiff. Once pleaded, the "serious injury” issue offers a real dispute which should allow a plaintiff to survive both CPLR 3211 and 3212 motions.
In this regard it is also important to note that a plaintiff is on immediate notice, as of the date of the accident, of the infliction of harm and, subsequently, need only judge its extent or seriousness. Certainly, a diligent plaintiff should be able to determine, with reasonable accuracy, whether a "serious injury” has occurred. Commencement of suit by service of a summons and complaint, accordingly, remains solely within the injured party’s control and discretion, as it requires no prior court certification, or participation by an entity other than the plaintiff. There is, therefore, no statutory bar pend *97 ing the plaintiffs consideration and decision to sue (see Barchet v New York City Tr. Auth., 20 NY2d 1, 6, 7).
The plaintiffs herein having commenced their action beyond the one-year Statute of Limitations as tolled for 30 days following its notice of June 8, 1978 are now time barred from proceeding. Defendants’ motion for an order dismissing the plaintiffs’ complaint is granted and defendants are directed to forward an order in conformance with this decision.