187 N.J. Super. 386 (1982)
454 A.2d 920
LEAH BYRNE AND ALFRED BYRNE, PLAINTIFFS,
v.
PILGRIM MEDICAL GROUP, INC. AND MARTIN SALZMAN, M.D., DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided August 5, 1982.
*387 Robyn Glemby-Pharr, for plaintiffs (Kreiger, Karas & Kilstein, attorneys).
Jay Scott MacNeill, for defendant Martin Salzman, M.D. (McDonough, Murray & Korn, P.A., attorneys).
Lieb, Berlin & Kaplan, P.A., attorneys for defendant Pilgrim Medical Group, Inc.
*388 O'HALLORAN, J.S.C.
In this medical malpractice action Leah Byrne seeks to recover damages for personal injuries she suffered as the result of a negligently performed abortion which resulted in perforation of her uterus and necessitated a hysterectomy. She also claims severe withdrawal and depression secondary to her physical injuries. Her husband Alfred claims a continuing loss of income of about $500 weekly. He says that as a result of his wife's injury and illness he had to stay home to care for her and the three children, and was forced to request a demotion in his job from control foreman to installation technician. Mrs. Byrne refused to see doctors and says that she required her husband's attendance. Her psychiatrist states that she still needs continuing psychotherapy for her psychological injury.
Defendant Martin Salzman, M.D. moves to dismiss plaintiff Alfred Byrne's claim for lost income. The above facts are accepted as true for the purpose of deciding this motion.
The first question is whether recovery can be had from a tortfeasor for loss of income incurred by one family member in caring for another member of the family. The answer appears to be a limited and qualified "yes."
There is authority for the proposition that a husband may recover the value of his own necessary services in nursing or caring for his injured wife, not to exceed the reasonable cost of employing others to provide such services. See 90 A.L.R.2d 1323; 41 C.J.S., Husband and Wife, § 401c.(4); Beckert v. Doble, 105 Conn. 88, 134 A. 154 (Sup.Ct.Err. 1926); Selleck v. Janesville, 104 Wis. 570, 80 N.W. 944 (Sup.Ct. 1899).
The answer to the question is not entirely clear in New Jersey. In Healing v. Security Steel Equip. Corp., 51 N.J. Super. 123 (App.Div. 1958), a mother had to perform daily treatment on her injured infant's arm after he had returned home from the hospital, and she sought to recover for these services. In discussing this claim the court said (at 138): "We find no testimony that this plaintiff lost any earnings as the result of *389 taking time to perform this duty for her son. We cannot hold that such service is an element of recovery in her per quod action. [Citations omitted]." The inference is that if she had lost earnings, the loss could properly have been considered. In Corum v. Davis, 3 N.J. Misc. 981 (Sup.Ct. 1925), the court held that it was proper for the jury to consider the husband's loss of his own wages in attending his injured wife. The court pointed out that his loss in staying home was less than the cost of hiring a nurse. The inference is that if the husband's lost income exceeded the reasonable charge of a nurse, it would not have been a proper claim to send to the jury.
I conclude from the above that it is proper to permit a claim for the lost income of a family member in supplying care for another injured member of the family, so long as it does not exceed the reasonable cost of providing home care by a trained medical person, and provided, of course, that such home care is necessary.
The second question is: To whom does the claim belong? A claim for medical expense for an injured wife belongs to her, regardless of whether she or her husband or someone else made the expenditure. Patusco v. Prince Macaroni, Inc., 50 N.J. 365, 373 (1967). The claim under discussion here is the cost or value of home medical care for the injured wife, a claim which belongs to her.
Defendant's motion to dismiss plaintiff Alfred Byrne's claim for loss of income, past and future, is granted. Plaintiff Leah Byrne may properly claim the reasonable cost of necessary home medical care, including the value of her husband's services in caring for her in lieu of hiring a trained medical person, such as a nurse or practical nurse. The value of his services may be measured by his lost wages in staying home to provide them, but that value may not exceed the reasonable cost of hiring a trained medical person to provide these services.