## Johnson v. Vance

*Charles F. Fitzpatrick*, for plaintiffs.
*Bradford H. Charles*, for defendant.

HOFFER, *J.*, September 17, 1982—Plaintiffs Jeanne and Jeffrey Johnson, residents of the State of New York, filed this trespass action against defendant, Eric Vance, to recover for injuries and losses they sustained as a result of an automobile accident in Cumberland County.

Before the court are defendant's preliminary objections by way of a motion to strike paragraphs 16 and 17 from the complaint. In paragraph 16, plaintiff-husband asks for monies paid for servant hire because of plaintiff-wife's inability to perform household duties; in 17, plaintiff-husband asks for lost wages from his job because he stayed home to care for his wife.

The parties dispute whether Pennsylvania or New York law controls. The Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, §119, 40 P.S. §1009.110(c) deals with this problem by providing:

(1) The basic loss benefits available to any victim . . . shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs . . .

(2) The right of a victim . . . to sue in tort shall be determined by the law of the state of domicile of such victim . . .

While plaintiffs are entitled to the basic loss benefits under New York's no-fault automobile insurance statute, it is unclear whether Pennsylvania's

or New York's law of damages applies in this case.

Had Pennsylvania been the domicile of both parties Jeffrey Johnson's claim for lost wages would fall in accordance with Walker v. City of Philadelphia, 195 Pa. 168, 45 A. 657 (1900); Labadie v. Cilurso, 61 D. & C. 2d 749 (1973) and Formichella v. Wagner, 51 D. & C. 2d 119 (1970). See also Werner v. Capitol Area Transit, 30 Cumberland 111 (1980). Jeffrey Johnson's claim for servant hire also would fall because this item of damages is included in the basic loss benefits under 40 P.S. § 1009.202(c).*

Plaintiffs argue that New York law controls this case and permits their claims for damages. Under 40 P.S. § 1009.110(c)(1), plaintiffs are assured of receiving basic loss benefits according to New York's no-fault insurance statute. A portion of the basic loss benefits under the Comprehensive Automobile Insurance Reparations Act, N.Y. Insurance Law § 671 (McKinney 1966, Supplement 1981-82) includes: "(1)(c) all other reasonable and necessary expenses incurred up to twenty-five dollars per day for not more than one year from the date of the accident causing the injury . . . " Consequently, plaintiffs compensation for servant hire should come from their no-fault insurance carrier, especially in light of Taber v. Niagara Frontier Transit Authority, 101 Misc. 2d 92, 420 N.Y.S. 2d 692 (1979) (purpose of no-fault statute is to limit

---

*In keeping with Zagari v. Gralka, 264 Pa. Super. Ct. 239, 244, 399 A. 2d 755, 758, N.7 (1979), which interprets 40 P.S. § 1009.301(a)(4), plaintiffs could recover in tort for servant hire only upon pleading and proving expenses in excess of the limits under P.S. § 1009.301(a)(4). Plaintiffs have not so pled, and therefore, under Pennsylvania law, we would strike their pleadings.

recovery of damages in tort to those beyond no-fault benefits).

To circumvent this conclusion, plaintiffs argue that according to Barker v. Scott, 81 Misc. 2d 414, 365 N.Y.S. 2d 756 (1975), and notwithstanding the New York no-fault statute, Jeffrey Johnson may maintain a valid derivative action for servant hire. We do not read this decision as permitting an un-injured spouse to recover, in a joint tort action against another motorist, economic losses that also are recoverable as basic loss benefits for the injured spouse. Rather, we read the opinion as permitting a spouse to incorporate damages, such as medical expenses incurred in excess of the statutory benefit limit, into his derivative action for loss of consor-tium, provided that the claiming spouse has a duty to support the injured spouse or has paid the excess medical bills from his own earnings. Therefore, this claim fails and paragraph 16 is stricken from the complaint.

Plaintiffs argue that the wages Jeffrey Johnson lost while caring for his wife are recoverable in tort and are not compensated by the basic loss benefits. Plaintiffs assert that 40 P.S. §1009.110(c)(2) re-quires this court to apply the substantive law of New York in assessing Jeffrey Johnson's claim for lost wages. We need not go into any depth in de-scribing plaintiffs' argument in support of their claim. It is sufficient to say that the authorities plaintiffs rely upon, Cyone v. Campbell, 11 N.Y. 2d 372, 230 N.Y.S. 2d 1, 183 N.F. 2d 891 (1962), New York State Thruway Authority v. John Civetta Con-struction Corp., 62 A.D. 2d 530, 405 N.Y.S. 2d 778 (1978), and Silinsky v. State Wide Insurance Co., 30 A.D. 2d 1, 289 N.Y.S. 2d 541 (1968), do not sup-port plaintiff-husband's claim that his lost wages are a proper element of damages under New York

law. This court's own extensive research has not yielded a single New York authority supporting plaintiffs' damage claim. As previously stated, Pennsylvania's law of damages rejects such claims for lost wages. Other courts have similarly decided this issue: See Corum v. Davis, 3 N.J. Misc. 981 (1925); Beckert v. Doble, 105 Conn. 88, 134 A. 154 (1926); Britton v. Dube, 154 Me. 319, 147 A. 2d 452 (1958); Adams v. Erickson, 394 F. 2d 171, 172 (10th Cir. 1968). Paragraph 17 is accordingly stricken from the complaint.

## ORDER

And now, September 17, 1982, in accordance with the opinion filed this date, defendant's motion to strike paragraphs 16 and 17 from the complaint is granted.