[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #105
On November 17, 1995, the plaintiffs, Dennis W. Polio, Dennis C. Polio and Joyce Polio, filed a four count revised complaint against the defendants, Derby Center CVS, Inc., Consumer Value Stores of Rhode Island, Inc., and Melville Corporation, alleging the following facts.
Joyce and Dennis C. Polio are the parents of Dennis W. Polio (Dennis). On or about February 2, 1993, Joyce Polio presented to the defendants, who were engaged in the business of operating a pharmacy, a prescription for Dennis' medication. The plaintiffs allege that the defendants negligently filled the prescription with the wrong medicine and that when Dennis took the incorrect medication, the medicine "altered his behavior and caused him physical harm, discomfort, embarrassment and emotional distress."
In the first count, Dennis alleges that he incurred damages due to the defendants' negligent conduct. His parents allege in the second count that they suffered emotional distress. In the third count, the parents allege that they incurred losses and expenses as a result of the defendants' acts. In the fourth count, the plaintiffs allege a cause of action under CUTPA.
On June 27, 1996, the defendants filed a motion to strike the second and third counts of the plaintiffs' revised complaint. The defendants move to strike the second count on the ground that the parents failed to allege a cause of action for bystander emotional distress. The defendants move to strike the third count on the ground that the parents have failed to set forth a cause of action for losses and expenses and also because the parents are inappropriately seeking damages for their own lost wages.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 5578-QQQ state a claim upon which relief can be granted." NovametrixMedical Systems. Inc. v. BOC Group. Inc., 224 Conn. 210, 214-15
(1992). When reviewing a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." Id., 215.
I. Second Count
The defendants argue that the parents have failed to allege legally sufficient facts to establish a cause of action for bystander emotional distress. To recover for bystander emotional distress, the court in Clohessy v. Bachelor, 237 Conn. 31 (1996) held that a plaintiff must set forth facts establishing four elements. First, "the bystander must be closely related to the injury victim." Id., 52. "Second, the bystander's emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury . . . or by viewing the victim immediately after the injury causing event if no material change has occurred with respect to the victim's location and condition." Id. "Third, the injury to the victim must be substantial resulting in either death or serious physical injury." Id., 53. "Finally, the plaintiff bystander must have sustained a serious emotional injury . . . ." Id., 54.
In the second count of the revised complaint, the parents allege that "[t]he defendants' failure, unwillingness or inability to identify the drug that they wrongfully and negligently provided to the plaintiffs Dennis C. Polio and Joyce Polio (for treatment of their son Dennis W. Polio) caused worry and emotional and physical distress to the plaintiffs Dennis C. Polio and Joyce Polio." The parents further allege that "[t]he harm, distress, losses and expenses to the plaintiffs . . . were caused by the negligence of the defendants . . . in one or more of the following respects: a. In failing to properly fill the prescription for the plaintiff Dennis W. Polio; b. In failing to identify, when asked, the drug they had used to improperly fill the prescription; c. In failing to render assistance to the plaintiffs . . . upon learning of their mistake and the physical and emotional harm caused to their son by the defendants' mistake."
The parents are not alleging that they witnessed the injury causing event and as a result suffered bystander emotional distress. According to the parents' allegations, their alleged distress was not caused by witnessing the child's injuries, but CT Page 5578-RRR rather, by the manner in which the defendants responded to the parents' requests for assistance after the alleged incident. Therefore, the parents are attempting to allege separate causes of action for intentional or unintentional infliction of emotional distress based upon events occurring after Dennis' accident.[1] Accordingly, since the parents do not allege a cause of action for bystander emotional distress and because the defendants only moved to strike the second count on the grounds that it failed to state such a cause of action, the court denies the defendants' motion to strike the second count of the revised complaint.
II. Third Count
In the third count of the revised complaint, the parents seek recovery for losses and expenses incurred due to the defendants' negligence. The defendants argue that the court should strike the third count because Dennis already requests recovery for these expenses in the first count, and, therefore, General Statutes § 52-204[2] bars the parents from bringing a separate claim.
"When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as a loss of services and expenses, caused by the injury to the child."Dzenutis v. Dzenutis, 200 Conn. 290, 308 (1986). "Although General Statutes § 52-504 authorizes the recovery of medical expenses in an action solely in behalf of the injured child and makes the recovery in such action a bar to any claim by the parent for such expenses, the statute does not mandate that procedure." Id. The parents of an injured minor child may bring their claim for expenses in a separate count although the minor child also seeks compensation for his injuries in the same action. Krause v. Almor Homes, Inc, 147 Conn. 333, 335-36 (1960). Accordingly, the court will not strike the third count of the revised complaint because the parents have properly set forth a claim for expenses incurred on behalf of their son.
The defendants also contend that the parents are claiming damages for lost wages in the third count. According to the defendants, the court should strike this count because family members, who may have sacrificed employment earnings to care for CT Page 5578-SSS an injured member of the family, may only make a claim for the reasonable value of the nursing care provided by them and not for lost wages.
In Beckert v. Doble, 105 Conn. 88, 90-91 (1926), the court commented on a husband's ability to recover damages he incurred because he had to care for his injured wife. The court stated, "[w]hen the injuries to the wife are such as to render it reasonably necessary that the husband provide her with care, and he sacrifices his own earnings from his employment in order personally to care for her, the loss of the pecuniary value of his services is as much a legitimate expense as if he had hired attendance by another and paid a reasonable price, and he can recover therefor, but not more than the amount for which he could, instead, have secured reasonably competent care by others." Id.
In the third count of the revised complaint, the parents allege that they "lost work and opportunities as a result of the defendants' improper filling of the prescription and failure or refusal to identify the improper drug." The parents then allege that "[t]he losses and expenses to the plaintiffs . . . were caused by the negligence of the defendants . . . ." Although the parents may not recover for their lost wages, they may still recover for expenses incurred and obtain reimbursement for the reasonable value of the care provided to their injured child if they sacrificed their own earnings from employment in rendering that care. The language contained in the third count of the revised complaint is overly broad and when read as a whole in the light most favorable to the plaintiffs, can be read to mean that the parents sacrificed their own earnings from employment to care for their son and they incurred pecuniary losses in the process. Accordingly, when construed in the manner most favorable to the plaintiffs, the third count merely seeks recovery for the reasonable value of the care which they provided and for the expenses that they incurred. Moreover, the parents do not specifically request damages for lost wages. Accordingly, the parents are not seeking recovery of lost wages, and therefore, the court will not strike the third count of the revised complaint.
Samuel S. Freedman, Judge