[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant in the above captioned matter has moved the court to strike the Sixth Count of the plaintiff's complaint, pursuant to Practice Book Sec. 10-39, for failure to state a claim upon which relief can be granted. The following facts, as alleged in the plaintiff's complaint, are necessary for the determination of this issue.
The plaintiffs, Elaine Burns, as conservator for Ryan Cornell, and Elaine Burns, in her own capacity, allege that the defendant, Christopher Neubeck, was negligent and caused the injuries sustained by Ryan Cornell when he fell from a five-history student residence at the University of Connecticut during student orientation.
The sixth count of the complaint sets forth the claim by Elaine Burns, in her own right, for "the reasonable value of the care and services she has rendered to her son as a result of this accident." Complaint, ¶ 22, Sixth Count, June 18, 1999. Additionally she claims that she has "suffered a loss of earnings and a diminution in her earning capacity." Id., ¶ 23.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). When reviewing a motion to strike, the court "must construe the complaint most favorable to sustaining the legal sufficiency." Id., 271.
The defendant claims under Connecticut law the defendant owed CT Page 13580 no duty to the plaintiff, Elaine Burns, that would support a claim for negligence.
It is well settled in Connecticut that the plaintiff must demonstrate that the defendant has breached a legal duty to the plaintiff in order to recover in negligence. Ciarelli v. Romeo,46 Conn. App. 277, 282 (1997). The defendant's Motion to Strike focuses on the following allegations contained in the plaintiff's complaint:
 21. As a further result of the negligence and carelessness of the defendant as aforesaid and as a result of the injury sustained by Ryan Cornell, Elaine Burns has devoted her own time and services to care for her son, Ryan Cornell.
 22. Elaine Burns claims the reasonable value of the care and services she has rendered to her son as a result of this incident.
 23. As a further result of this incident, the injuries sustained by Ryan Cornell and his need for care and services by his mother, Elaine Burns (sic.), who was gainfully employed at the time of this incident, she has suffered a loss of earnings and a diminution in her earning capacity.
The defendant argues that this claim for lost wages and diminution of earning capacity is not compensable under Connecticut law because the defendant owed no duty to the plaintiff Elaine Burns. The plaintiff, however, claims that it has long been recognized in Connecticut that family members who have sacrificed employment earnings to care for an injured family member have a claim for the reasonable value of the nursing care provided by them to the injured family member. Plaintiff'sMemorandum in Opposition to Defendant Neubeck's Motion to Strikethe Sixth Count of the Complaint, p. 3 (September 2, 1999). The plaintiff cites in support of this proposition Beckert v. Doble,105 Conn. 88, 90-91 (1926)and Polio v. Derby Center CVS., Inc.,
Superior Court, 1996 WL 521133 (Sept. 6, 1996) (Freedman, J.).
In Beckert, the plaintiff wife sustained injuries when a dog leapt up on her causing her to fall. The plaintiff husband sought reimbursement for certain medical expenses that he paid on behalf of his wife and for the reasonable value of nursing services that he rendered to her. In addition the husband claimed that he should be reimbursed for the reasonable value of the services rendered to his wife by their daughter, who was not a plaintiff CT Page 13581 in the case. The court held:
 In addition to his expenditures for doctors and medicines, he is entitled to reimbursement for his own time and services devoted to the care of his wife, to the extent of the reasonable worth of his services so rendered, not exceeding the amount for which he could have hired reasonably competent attendance by others. When the injuries to the wife are such as to render it reasonably necessary that the husband provide her with care, and he sacrifices his own earnings from his employment in order personally to care for her, the loss of the pecuniary value of his services is as much a legitimate expense as if he had hired attendance by another and paid a reasonable price, and he can recover therefor, but not more than the amount for which he could, instead, have secured reasonably competent care by others.
The court, however, refused to allow, as an element of the husband's damages, the claim by the husband for the reasonable value of services rendered by their daughter.
 The same reasoning does not apply, however, to the services of the daughter. She was twenty-two years of age and employed, and there is nothing to establish or suggest that the plaintiff, her father, was subjected to any expense or loss by reason of her temporary sacrifice of her employment and the service which she rendered, nor is it found that she has made claim upon the father for compensation for such service. Her own loss cannot be regarded as an expense incurred by him.
The defendant replies that the sixth count should be stricken despite the reasoning in Beckert, because this case is factually distinguishable from Beckert and General Statutes § 52-204
bars such recovery.
"When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as a loss of services and expenses, caused by the injury to the child."Dzenutis v. Dzenutis, 200 Conn. 290, 308 (1986). General Statutes § 52-204 provides that "[i]n any civil action arising out of personal injury . . . as a result of which personal injury . . . the parent of the plaintiff has made out or will be compelled to make expenditures or has contracted indebtedness, the amount of CT Page 13582 such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such . . . parent." However, "[a]lthough General Statutes § 52-204 authorizes the recovery of medical expenses in an action solely on behalf of the injured child and makes the recovery in such action a bar to any claim by the parent for such expenses, the statute does not mandate that procedure." Dzenutisv. Dzenutis, supra, 308. The parents of an injured child may bring their claim for consequential expenses in a separate count although the child also seeks compensation for his personal injuries in the same action. Krause v. Almor Homes, In.,147 Conn. 333, 335-36 (1960). General Statutes § 52-204 simply prevents double recovery for the same expenses.
The defendant argues, however, that this is a case in which double recovery is being sought. In paragraph 21 of count 6, the plaintiff Elaine Burns, seeks recovery for her time and services rendered in caring for her son. This, the defendant claims "is akin to nursing services and are properly a claim of Ryan Cornell's." The Defendant, Christopher Neubeck's Reply Memorandumin Support of his Motion to Strike the Sixth Count of thePlaintiff's Complaint, p. 1 (September 13, 1999). In support of this claim that defendant points out that "[i]ndeed, Ryan Cornell makes the claim against Christopher Neubeck for the value of his medical care expenses in paragraph 18, Count One of the complaint. Therefore, the defendant concludes, "[g]iven that Ryan has plead a cause of action seeking as an element of damages the cost of his medical care, the plaintiff mother Elaine Burns is precluded from doing so by operation of C.G.S. § 52-204." Id., 2. Thus, because the facts of this case involve double recovery, the defendant claims that this case is distinguishable from both Beckert (claim raised by husband, but not injured wife) and Polio (claim raised by parents, and not injured minor child)
The defendant mischaracterizes the application of General Statutes § 52-204. General Statutes § 52-204 bars double recovery; it does not limit the plaintiff's ability to plead her case. If subsequent to trial, the fact finder ultimately deems that damages are appropriately due, only then will § 52-204
limit the manner in which the damages can be awarded. If the damages are due, they can be awarded directly to the injured plaintiff as part of his medical expenses, or they can be awarded to his mother, they will not be awarded to both. Thus, when and if the time arises that damages are to be calculated, the jury can be properly instructed pursuant to § 52-204. Accordingly, CT Page 13583 the court will not strike the sixth count of the complaint pursuant to § 52-204 because Elaine Burns has properly set for a claim for expenses incurred on behalf of her son.[1]
However, the defendant also claims that the plaintiff, Elaine Burns, is seeking a measure of reimbursement which is barred by supreme court precedent and therefore, count six must be stricken.
The court agrees with the defendant.
In the sixth count of the complaint, the plaintiff Elaine Burns claims that "[a]s a further result of this incident, the injuries sustained by Ryan Cornell and his need for care and services by his mother, Elaine Burns [sic], who was gainfully employed at the time of this incident, she has suffered a loss of earnings and a diminution in her earning capacity." Complaint,
Ct. 6, ¶ 23. However, in Beckert v. Doble, the Connecticut supreme court specifically held that the plaintiff was only entitled to reimbursement "for his own time and services devoted to the care of his wife, to the extent of the reasonable worth of his services so rendered, not exceeding the amount for which hecould have hired reasonably competent attendance by others."
(Emphasis added.) Beckert v. Doble, supra, 105 Conn. 90-91. Therefore, the plaintiff, Elaine Burns, is not entitled to reimbursement for lost earnings and or a diminution in her earning capacity. See e.g., Polio v. Derby Centers CVS., Inc.,
supra, WL521133 at 3, ("Although the parents may not recover for their lost wages, they may still recover for expenses incurred and obtain reimbursement for the reasonable value of the care provided to their injured child if they sacrificed their own earnings from employment in rendering that care.")
For the foregoing reasons count six of the complaint is stricken.
Zarella, J.