[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #132
 FACTS
On November 29, 2001, the plaintiffs Dawn Champagne and Gene Champagne, as parents and next friends of the minor, Tashina Champagne, filed a five count amended complaint against the defendants Jaclyn Robbins, John Robbins and Charlotte Robbins.
The plaintiffs allege the following facts. On October 12, 2000, the minor plaintiff was a passenger in a motor vehicle operated by Jaclyn Robbins, owned by John Robbins and/or Charlotte Robbins. While operating this vehicle, the defendant, Jaclyn Robbins, "struck the northbound side of Sandy Hollow Road, veered across the eastbound lane onto a metal guardrail. The defendant's vehicle then catapulted into the air, struck a tree fourteen feet above the ground, and then rolled over several times before coming to rest on its roof." As a result, the minor plaintiff sustained severe and permanent injury.
Count one of the amended complaint alleges negligence on the part of the defendant, Jaclyn Robbins. Count two alleges recklessness on the part CT Page 9507 of the defendant, Jaclyn Robbins. Counts three and four allege negligence and negligent entrustment by the defendants, John Robbins and Charlotte Robbins. Count five alleges that as a result of the minor plaintiffs injury, the plaintiff, Gene Champagne, suffered economic loss in the form of past and future lost wages. In all counts, the plaintiffs seek "fair, just and reasonable money damages."
On January 29, 2002, the defendants filed a motion for summary judgment as to the fifth count of the plaintiffs' amended complaint, attaching a memorandum of law in support.[1] On February 15, 2002, the plaintiffs filed an objection to the defendants' motion for summary judgment. The plaintiffs did not submit a memorandum of law in support of its objection to the defendants' motion for summary judgment. Neither party submits evidence in support of, or in opposition to, the motion for summary judgment.
 DISCUSSION
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; internal quotation marks omitted.)Buell Industries Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527,550, 791 A.2d 489 (2002). See also Practice Book § 17-49.
The defendants move for summary judgment on the ground that there is no genuine issue of material fact that they are entitled to judgment in their favor. In support of the motion for summary judgment, the defendants argue that "loss of income resulting from a parent's need to care for [a] child" is not recoverable in a negligence cause of action. The plaintiffs allege that as a result of the minor plaintiffs injury, the plaintiff John Robbins "lost time from his employment due to the parental demands and care of the [minor] plaintiff . . . and thereby has suffered economic loss in the form of past and future lost wages," and, therefore, the plaintiffs argue that they have set forth a valid claim.
"When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as a loss of services and expenses, caused by the injury to the child. . . . Although General Statutes § 52-504 authorizes the CT Page 9508 recovery of medical expenses in an action solely in behalf of the injured child and makes the recovery in such action a bar to any claim by the parent for such expenses, the statue does not mandate that procedure." (Citations omitted; internal quotation marks omitted.) Dzenutis v.Dzenutis, 200 Conn. 290, 308, 512 A.2d 130 (1986).
In Beckert v. Doble, the Supreme Court addressed a husband's ability to recover damages incurred by caring for an injured wife. Beckert v.Doble, 105 Conn. 88, 90-91, 134 A. 154 (1926). The court stated, "[w]hen the injuries to the wife are such as to render it reasonably necessary that the husband provide her with care, and he sacrifices his own earnings from his employment in order personally to care for her, the loss of pecuniary value of his services is as much a legitimate expense as if he had hired attendance by another and paid a reasonable price, and he can recover therefore, but not more than the amount for which he could, instead, have I secured reasonably competent care by others." Id. "Although the parents may not recover for their lost wages, they may still recover for expenses incurred and obtain reimbursement for the reasonable value of the care provided to their injured child if they sacrificed their own earnings from employment in rendering that care."Polio v. Derby Center CVS., Inc., Superior Court, judicial district of New Haven, Docket No. CV 95 0372045 (September 6, 1996, Freedman, J.) (relying on Berkert v. Doble).
Count five of the plaintiffs' amended complaint does not seek recovery for medical expenses or "consequential damages, such as a loss of services and expenses, caused by the injury to the child." Dzenutis v.Dzenutis, supra, 200 Conn. 308. Rather, in count five of the amended complaint, the plaintiffs impermissibly seek recovery for "economic loss in the form of past and future lost wages."
 CONCLUSION
For the foregoing reasons, the defendants' motion for summary judgment, as to count five of the plaintiffs' amended complaint, is granted.
D. Michael Hurley, Judge Trial Referee